Jackson Coca-Cola Bottling Co. *v.* Grubbs.*

(Division A. May 17, 1926. Suggestion of Error Overruled June 15, 1926.)

[108 So. 773. No. 25474.]

1. Food. *Person injured by drinking coca-cola had burden of showing manufacture or bottling by defendant.*

   In action for injuries from drinking coca-cola from bottle containing broken glass, burden was on plaintiff to show that bottle containing glass was manufactured or bottled by defendant.

2. Food. *Evidence of bottling of coca-cola causing injury held insufficient for jury.*

   In action for injuries alleged to have resulted from drinking coca-cola from bottle containing broken glass, evidence offered to show that drink was bottled and sold by defendants *held* insufficient, requiring peremptory instruction for defendant.

---

*Corpus Juris-Cyc. References: Food, 26CJ, p. 788, n. 41, 53.

Appeal from circuit court of Simpson county.
Hon. R. S. Hall, Special Judge.

Suit by Mrs. Callie Grubbs against the Jackson Coca-Cola Bottling Company. Judgment for plaintiff, and defendant appeals. Reversed and judgment rendered.

*Watkins, Watkins & Eager,* for appellant.

*The trial court erred in refusing to give the directed instruction requested by appellants at the conclusion of*

*the testimony.*  This court has held in cases involving liability of the manufacturer of soft drinks, such as coca-cola, to the ultimate consumer, that there is an implied warranty on the part of the manufacturer that the beverage is wholesome and fit for human consumption and that a failure to comply therewith constitutes a cause of action on the part of the consumer.  We have no objection to this announcement of the law, but in the case at bar there was not one iota of competent testimony introduced which in anywise connected these appellants with the manufacture or distribution of this particular coca-cola drunk by appellee.  The court will bear in mind that it is not sufficient to show that the appellants merely distributed the bottle of coca-cola in question by truck to Simpson county, because this court along with the great majority of other courts of other states have held that no liability would exist under such circumstances on the part of a distributor.  As a matter of fact, no competent evidence appears in the record to show that these appellants, or either of them, distributed or even sold or delivered the particular bottle of coca-cola in question.  Nor is there the slightest competent testimony which tends to show that these appellants, or either of them, manufactured or bottled the particular bottle of coca-cola purchased by the husband of appellee and by her drunk.  In order to make out a case, admitting for the sake of argument, that jurisdiction had been properly obtained as to these appellants, it was necessary for appellee to show by competent testimony the following facts:

(a)  That the particular bottle of coca-cola which she drank was manufactured, bottled and distributed to the retail dealer, Burnham, by both or one of appellants;

(b)  That this particular bottle of coca-cola from the time that it was delivered by appellants, or either of them, to the retail dealer, Burnham, and the time that appellee's husband purchased said bottle of coca-cola that the contents thereof were not in any manner dis-

pany, a corporation having its domicile and place of business, in Jackson, Hinds county, Miss., and P. L. Borden, a resident citizen of Jackson, Miss., and J. R. Burnham, a resident citizen of Simpson county, Miss., seeking to recover damages for personal injuries alleged to have been sustained as a result of drinking coca-cola from a bottle containing broken glass. The declaration alleged that the said Jackson Coca-Cola Bottling Company and P. L. Borden were manufacturers and distributors of coca-cola, and that J. R. Burnham was a retail merchant engaged in the sale of coca-cola at Merit, Simpson county, Miss.; that the plaintiff, through her husband, purchased from J. R. Burnham a bottle of coca-cola which had been manufactured by the said bottling company and P. L. Borden and sold and delivered to the said Burnham; that while she was drinking the said coca-cola, she discovered therein a large number of particles of glass; that she had already swallowed some of this broken glass; and that she was thereby made seriously ill and caused to suffer great pain and agony.

The declaration further alleged that the said bottling company and P. L. Borden were grossly negligent in causing or permitting said coca-cola to be placed in a bottle containing broken or shivered particles of glass. At the trial of the case, there was a verdict and judgment against the Coca-Cola Company and P. L. Borden for four thousand dollars, from which they have prosecuted this appeal.

There are numerous assignments of error argued at length by counsel which involve matters preliminary to the actual trial in the court below, but which it will be unnecessary to discuss, in view of our opinion upon the sufficiency of the evidence offered by the plaintiff.

There was testimony to the effect that a truck bearing the name of Jackson Coca-Cola Bottling Company was seen to deliver soft drinks at the store of the defendant Burnham on several occasions, both before and after the purchase by the appellee of the bottle of cola-cola in ques-

*Watkins, Watkins & Eager,* in reply, for appellant.

Counsel for appellee seems to proceed on the theory with utterly no proof to support it that the evidence shows that either P. L. Borden or the Jackson Coca-Cola Bottling Company manufactured the particular bottle of coca-cola in question and not only manufactured it but delivered it in the same condition as it was when received by appellee's husband. In appellee's brief it is stated, "Certainly, somebody is responsible to this plaintiff for her injury. . . ." We thoroughly agree with counsel, but the trouble is that there is utterly no proof to place the responsibility in this case. Nowhere in the record is it shown by competent evidence that this bottle of coca-cola which appellee drank was manufactured by either of these appellants. All that is shown at best is that the bottle had stamped on it the lettering "Property of P. L. Borden, Jackson, Mississippi." This, we submit, in the light of the proof which shows that the cap can be easily removed from the bottle and refilled at pleasure, and the fact that other coca-cola plants were located at other points just as near Simpson county as is Jackson, is wholly insufficient to make out a case against either of these appellants.

And the very important thing to consider and bear in mind is that admitting for the sake of argument that the coca-cola was manufactured by these appellants, yet, it was incumbent upon appellee to go further and show that the alleged glass in the bottom of the bottle of coca-cola was placed therein by appellants or contained in the bottle at the time appellants sold it.

Argued orally by *P. H. Eager,* for appellant, and *R. C. Russell,* for appellee.

Cook, J., delivered the opinion of the court.

The appellee instituted suit in the circuit court of Simpson county against the Jackson Coca-Cola Bottling Com-

turbed, nor the cap removed from said bottle, or any opportunity afforded whereby foreign matter could have been allowed or permitted to get into said bottle of coca-cola after it left the hands of appellants and before it was sold to and delivered to appellee;

(c) That appellee drank the contents of said bottle and received into her system glass resulting in pain, suffering and injury to herself.

The matter was presented to the jury, not on competent evidence, but upon speculation and conjecture and the only way they could connect these appellants with the manufacture and distribution of the bottle and its contents was upon the grossest presumption, there being no fact to justify such a finding.

*R. C. Russell,* for appellee.

Appellants in their discussion admit that if they manufactured and sold the coca-cola and the plaintiff was injured as complained of in her declaration, by the drinking of this coca-cola which contained the glass, that a case of liability would have been made out against somebody, but allege that there is no proof that appellant manufactured this bottle; yet Mr. Borden admits in his affidavit that he did at, before, and subsequent to this injury, manufacture coca-cola in Jackson, Mississippi, bottling and selling the same to J. R. Burnham, and that Burnham was at the time a retail dealer in this territory. Plaintiff's witnesses testified that they saw the Jackson Coca-Cola Bottling Company's truck delivering coca-cola to J. R. Burnham just before this injury. Other testimony shows that the Jackson Coca-Cola Bottling Company, or Mr. Borden, had Simpson county in its territory and that no other dealers sold coca-cola there.

This testimony certainly was sufficient to put the case to the jury and it found in favor of the plaintiff. In fact, Mr. Borden's admission is sufficient to carry the cause to the jury.

tion. The husband of the appellee also testified that the name of P. L. Borden was on the bottle which he purchased, and there was also testimony tending to show that Simpson county was in the trade territory of the Jackson Coca-Cola Bottling Company, and that plaintiff sold and delivered coca-cola to the retail merchants in that territory. In answer to a direct question, one witness testified that this company was the only one that sold coca-cola in that territory and in the town of Merit during the year, 1924, but on cross-examination he admitted that he did not know that to be a fact, and that the statement was merely a conclusion. There was also testimony for the plaintiff that coca-cola was bottled, sold, and distributed by plants located at Laurel and Hattiesburg, and that it was sold on the various trains running through the trade territory in which Merit is located. The burden was on the appellee to show that the bottle containing glass was manufactured or bottled by the appellants, or one of them, and we think the testimony offered failed to meet this burden. It may be that, by contract or agreement, exclusive rights for the sale and distribution of coca-cola in certain territory were allotted to particular companies, but we cannot know that fact in the absence of proof to establish it. The defendant Burnham, who was present at the trial, should have been able to testify as to whom he purchased coca-cola from, but he was not offered as a witness; and, upon the evidence offered for the purpose of showing that the drink was bottled and sold by the appellants, we think the peremptory instruction requested by them should have been granted.

The judgment of the court below will therefore be reversed, and judgment entered here for the appellants.

Reversed, and judgment here for appellants.

*Reversed.*