COCA COLA BOTTLING WORKS, Plaintiff in Error, v. MISS ANNA MAY KENNEDY, Defendant in Error.

Middle Section. January 17, 1931.

Petition for Certiorari denied by Supreme Court, May 22, 1931.

Avery Handly, of Nashville, for plaintiff in error, Bottling Works.
E. J. Walsh and H. Frank Taylor, both of Nashville, for defendant in error, Miss Kennedy.

CROWNOVER, J. This was an action for damages for illness suffered by the plaintiff as a result of drinking a portion of the con-

tents of a bottle of coca-cola containing a partially decomposed bug, which bottle of coca-cola had been bottled by the defendant and sold to a drug store from which plaintiff purchased it.

There is only one count in the declaration, which averred the facts hereinabove stated. The defendant pleaded the general issue of not guilty.

The case was tried by the judge and a jury. At the close of all the evidence defendant moved the court for a directed verdict, which motion was overruled, and the jury returned a verdict for $500 in favor of the plaintiff. Defendant's motion for a new trial was overruled and it has appealed in error to this court and has assigned errors, which are, in substance, as follows:

(1). There was no evidence to support the verdict, in that,

(a) There was no evidence of negligence on the part of the defendant.

(b) There was evidence that this bottle of coca-cola was bought from a retail drug store, which kept it four or more days in cases near its back door, where delivery boys and others had access to it, and could have been opened and recapped by hand, hence it was a matter of conjecture as to who placed the bug in the bottle of coca-cola.

(2) The plaintiff was guilty of contributory negligence.

(3) The court erred in refusing to charge the defendant's special request No. 1, which is as follows:

"Gentlemen of the Jury:

"It will be your duty to inquire, under the proof in this case, whether the bug or foreign substance was in the bottle of coca-cola in question when it left the hands of the defendant, and, if you so find from a preponderance of the evidence, then you shall go further and find whether its presence there was due to the negligence of the defendant, and in doing this you must find from the preponderance of the evidence whether other persons had an opportunity to take the cap from the bottle, put such foreign substance in said bottle, and recap the bottle, after it left the hands of the defendant, and if you find that there was no negligence on the part of the defendant in bottling this coca-cola, and as against this you will not be allowed to guess or conjecture, and that there was ample opportunity for someone to tamper with this bottle not connected with the defendant, or acting for them; and there is nothing to show how this matter got in the said bottle, or from which any reasonable inference can be drawn that would support the theory that it was through any negligence of the defendant, then plaintiff has failed to make out

her case against this defendant, and your verdict should be in favor of the defendant."

(4) The verdict was excessive.

Miss Anna May Kennedy, of Nashville, on the night of September 1, 1929, purchased from the Voorhies Drug Co., four bottles of coca-cola, with caps on, and took them to her home, two blocks away, and placed them in the ice box.

The Voorhies Drug Co. had purchased this coca-cola in sealed bottles, by the case, from the Coca-Cola Bottling Works, of Nashville.

After playing bridge for almost an hour and a half Miss Kennedy brought the four bottles into the room where they were playing cards and put them on the card table. She then removed the caps and served the coca-cola in the bottles to the three other members of the household, and she began to drink from the fourth bottle, when she immediately discovered that there was something wrong with the contents of the bottle, and she said, "I discovered that my throat was burning and my stomach, and a terrible taste in my mouth." She became very sick and had a burning sensation in her stomach. A doctor was summoned, who gave her medical attention.

The bottle was held up to the light and inspected. Something that looked like a partially decomposed bug was seen in the bottle. The odor of the bottle was very offensive, which was noticed by several people, who testified to that fact.

The plaintiff testified that she was sick in bed for one week and was sick for two weeks thereafter; that she had eczema or rash, laryngitis and indigestion, due to her run down condition, which she attributed to the poison in the coca-cola bottle.

The defendant Bottling Works introduced testimony showing how the bottles were washed, inspected and filled. It was admitted by the manager that they collect old, dirty bottles and wash and refill them. It was shown that the bottles are put into a machine, inverted, and that hot water with a strong solution of caustic soda is turned, under pressure, into each bottle, a number of times, which removes all ordinary dirt and germs, and even bugs. But it was admitted by the manager that solid substances often get into the bottles that cannot be removed in this manner, and that large bugs would likely not be removed by this system of washing. The defendant company has each bottle inspected twice, evidently recognizing that the washing system cannot remove every substance from the bottles.

The bottles are inspected by colored girls. At the first inspection the bottles, while empty, are passed in front of an electric light at the rate of one hundred and three bottles each minute. There is another inspection after the bottles are filed. The girls looking at

these bottles are seated near a window overlooking the street, and there is some danger of their attention being distracted, as testified by one witness.

It is argued for the defendant that the drug store kept the bottled coca-cola in the back of the store for several days, where it could be easily tampered with. But the proof showed that the coca-cola bottles were in cases placed in the rear of the drug store, behind the prescription case, where they remained three or four days until placed on ice in the frigidaire and then taken out and sold. It appears that only the employees of the drug store had excess to them. There is also evidence that a bottle cannot be re-capped by hand so as to retain its carbonation.

1. From the foregoing facts we are of the opinion that there was sufficient evidence for the question whether defendant was guilty of negligence to be submitted to the jury.

We think that the proposition whether others had access to the coca-cola and might have placed the bug in the bottle and replaced the cap, was also properly submitted to the jury. We do not think that it was a matter of conjecture that there was enough evidence to go to the jury. The evidence shows that the cleansing process might not remove bugs, hence, the question of the company's negligence should have been submitted to the jury

"The duty of one who prepares and puts on the market, in bottles or sealed packages, foods, drugs, beverages, medicine, or articles inherently dangerous of exercising care to see that nothing unwholesome or injurious is contained in the bottle or package is not in the nature of an implied warranty, and is based upon negligence."

"One who prepares and puts on the market, in bottles or sealed packages, foods, drugs, beverages, or articles inherently dangerous is liable for breach of a duty to the public in the preparation thereof, regardless of the privity of contract, to any one injured for a failure to properly safeguard and perform such duty;" and the company is liable to the ultimate consumer. Crigger v. Coca-Cola Bottling Co., 132 Tenn., 545, 179 S. W., 155; Coca-Cola Bottling Works v. Lewis, 9 Tenn. App., 485.

2. The assignment that Miss Kennedy was guilty of contributory negligence in not examining more closely the bottle and its contents, is not well made and must be overruled. This question was also properly submitted to the jury.

In Boyd v. Coca-Cola Bottling Works, 132 Tenn., 23, 177 S. W., 80, Chief Justice Green, in passing on a similar assignment of error, said:

"We think there is nothing in this. The proof shows that the bottle and the fluid were both of a dark color, and the cigar stub could not be readily discerned. Furthermore, it is to be presumed that the contents of sealed packages put on the market to be used as a food or beverage are fit to be so used. A consumer is not negligent in failing to examine the same for poisonous substances."

3. We are of the opinion that the special request was properly refused, as the court fully covered the propositions of law in his charge.

4. We are of the opinion that the verdict is not excessive. The plaintiff was made ill by drinking of the contents of the bottle. She was in bed one week and ill for several weeks thereafter. She was a music teacher and lost a month from teaching; hence we think the verdict is not excessive.

All of the assignments of errors being overruled, it results that the judgment of the lower court must be affirmed. A judgment will be entered in this court for $500 and interest thereon from April 23, 1930, in favor of Miss Kennedy and against the Bottling Works. She will also recover of the Bottling Works and the surety on its appeal bond the cost of the cause including the cost of the appeal. For all of which execution may issue.

DeWitt, J., and J. C. Higgins, Sp. J., concur.