WILKES et al. v. JONES et al.—139 S. W. (2d) 416.

Western Section. May 5, 1939.

Petition for Certiorari denied by Supreme Court, December 8, 1939.

For former opinion, see 134 S. W. (2d), 929.

Milton Williams, of Memphis, for plaintiffs in error.

Canale, Glankler, Loch & Little and Andrew O. Holmes, all of Memphis, for defendant in error Orange Crush Bottling Co.

Tillie Alperin, of Memphis, for defendant in error Memphis Gro. Co.

Exby, Moriarty & Pierce, of Memphis, for defendant in error R. F. Jones.

SENTER, J. The respective plaintiffs have filed a petition for a rehearing of this cause. In the petition to rehear the petitioners make the question that there was evidence in the record to show that the defendant, Orange Crush Bottling Company, bottled the particular bottle of Pepsi-Cola involved in this suit, and in support of that statement refers to the following stipulation: ''It was also agreed and understood that defendant, Orange Crush Bottling Company, was and is engaged in the preparation, bottling and distribution of Pepsi-Cola'' and also the further statement contained in the stipulation: ''It was not necessary to introduce additional proof to show that said defendant, Orange Crush Bottling Company, was so engaged in the City of Memphis, State of Tennessee.''

This stipulation did not escape the attention of the writer of the former opinion in this case, Wilkes v. Memphis Grocery Co., 134 S. W. (2d), 929, and we specifically referred to it. We did not hold that there was no evidence to show that the Orange Crush Bottling Company was and is engaged in the preparation, bottling and distribution of Pepsi-Cola, but we did hold that there was no proof in the record to warrant an inference that it was the only concern engaged in bottling Pepsi-Cola. It may be that there were numerous bottling concerns engaged in bottling this drink, and using the bottle with the word ''Pepsi-Cola'' blown into the bottle or stamped into the glass bottle. This is certainly true of other bottled drinks such as Coca Cola, Dr. Pepper, etc. What we did hold, and now hold, is that there was no evidence in the record that the Orange Crush Bottling Company was the sole bottler of the particular drink.

We further held that there was no evidence in the record that the defendant, Orange Crush Bottling Company, actually bottled the particular bottle of Pepsi-Cola here involved, or if so, there was no

evidence of any negligence. Plaintiff did not prove or attempt to prove that the Orange Crush Bottling Company, through its agents or employees, had such continuous custody and control of the bottle from the time it was bottled until the time it was sold to plaintiff, as would warrant the application of the rule of res ipsa loquitur.

In a supplement or addenda to the petition for a rehearing petitioners make the further statement:

"It would also seem impossible for plaintiff to show that some other Company or person, operating 'sub-rosa' or in violation of the permit, copy-right or trade-mark law, had bottled the particular bottle in question containing the said poison."

We think a complete reply to the above statement is that there was no proof by plaintiffs, or any effort to prove that the defendant, Orange Crush Bottling Company, had the exclusive right to manufacture or bottle Pepsi-Cola. What we have said above answers this question.

After a full consideration of the petition to rehear, we find nothing that would warrant a conclusion different from that reached in the former opinion. It follows that the petition to rehear is accordingly disallowed.

Petitioners will pay the costs incident to the filing of the petition.

Anderson and Ketchum, JJ., concur.