WILKES et ux. v. MEMPHIS GROCERY CO. et al.—134 S. W. (2d) 929.

Western Section.   June 9, 1939.

Petition for Certiorari denied by Supreme Court, December 8, 1939.

Milton Williams, of Memphis, for plaintiffs in error.

Canale, Glankler, Loch & Little and Andrew O. Holmes, all of Memphis, for defendant in error Orange-Crush Bottling Co.

Tillie Alperin, of Memphis, for defendant in error Memphis Grocery Co.

Exby, Moriarty & Pierce, of Memphis, for defendant in error R. F. Jones.

SENTER, J. By separate suits A. M. Wilkes and wife, Mrs. A. M. Wilkes, sued the defendants for damages. The suit of Mrs. A.

M. Wilkes was against R. F. Jones; R. F. Jones Grocery Company and/or Memphis Grocery Company; John Doe, truck driver or employee; and the Orange-Crush Bottling Company, for personal injuries alleged to have resulted from drinking a bottle of Pepsi-Cola alleged to have been manufactured and sold by the defendant, Orange-Crush Bottling Company.

The defendant, R. F. Jones, was the owner or manager of the Jones Grocery Company and/or Memphis Grocery Company, then engaged in conducting a retail grocery business in the City of Memphis, and which concern sold at retail to plaintiff below the bottle of Pepsi-Cola, and said bottle of Pepsi-Cola contained dead flies and other foreign substance that caused plaintiff to suffer serious illness from drinking the contents of said bottle. The only defendants remaining in the case at the time of the trial were R. F. Jones, the Memphis Grocery Company, and the Orange-Crush Bottling Company.

The suit by A. M. Wilkes was to recover for loss of services and medical expenses growing out of the injuries to his wife resulting from drinking the bottle of Pepsi-Cola. The cases were tried together, and at the conclusion of plaintiff's proof motions by the respective defendants for directed verdicts in their favor were sustained and the respective suits dismissed at the cost of the respective plaintiffs. Both plaintiffs below have appealed to this court from the action of the court in directing verdicts in favor of the defendants, and have filed joint assignments of error.

It appears that the two cases were consolidated and heard together, since they filed a joint motion for a new trial and also prayed and were granted a joint appeal. No question seems to be made with respect to this procedure.

Under the assignments of error it is contended that there was sufficient material evidence to entitle the submission of the issues to the jury, and that it was error for the learned trial judge to sustain the respective motions for directed verdicts in favor of the defendants.

The bill of exceptions is in narrative form and very brief. A. M. Wilkes testified that his wife had been sick for several days and requested him to go to the defendant grocery company for a bottle of Pepsi-Cola for her; that he went to the place of business of the Memphis Grocery, operated by the defendant, Jones, and called for a bottle of Pepsi-Cola; that Mr. Jones referred him to the refrigerator in the back end of the store where a negro employee of the defendant took the bottle of Pepsi-Cola from the container and handed it to the operator of the butcher shop who placed it in a sack and handed it to him, and that he paid Mr. Jones for the bottle of Pepsi-Cola. He further testified that he took the bottle of Pepsi-Cola promptly to his home, and had his daughter to open the bottle and hand it to his wife who was sitting up in bed; that after drinking a portion of the fluid from the bottle she discovered some hard substance in her mouth

that came from the bottle, and found this to be a dead fly, and on investigation other dead flies were found in the bottle; that she promptly became very sick and was under the care of a doctor for several days, and during which time she suffered greatly from nausea.

Mrs. A. M. Wilkes, as did other members of the family, testified with respect to drinking a part of the contents of the bottle and from which she became very ill and suffered considerable nausea, requiring the attention of a physician for several days. There is no conflict in the evidence with respect to the dead fly or flies being in the bottle of Pepsi-Cola which was purchased by Mr. Wilkes from the Memphis Grocery Company, or R. F. Jones. The only reference made by the witnesses to the defendant, Orange-Crush Bottling Company, was the following statement:

"At this point it was agreed and understood that as per the statement contained in the pleas of the defendant Orange Crush Bottling Company, that said defendant Orange Crush Bottling Company was and is engaged in the "preparation, bottling and distribution of (bottles of) Pepsi-Cola, manufactured by this defendant,' and that it was not necessary to introduce additional proof to show that said defendant was so engaged under the ordinances and laws of the City of Memphis and of the State of Tennessee. However, the following was introduced:"

This would refer alone to the testimony of the Deputy County Court of Shelby County with respect to issuing license, and went no further than to show that the Memphis Grocery Company and also the Orange-Crush Bottling Company had paid for and procured license to engage in business, but it does not appear the type or character of business. However, no question is made with reference to that fact.

Appellants rely upon the proposition that negligence will be presumed where it appears that the bottle of Pepsi-Cola was bottled at the bottling plant of the defendant, Orange-Crush Bottling Company, in Memphis; that the fact that the bottle contained this deleterious substance, in the absence of any proof to the contrary, would be a circumstance tending to show that it was the result of the negligence of that defendant. To support this contention appellants cite and rely upon several Tennessee cases, including Coca Cola Bottling Works v. Kennedy, 13 Tenn. App., 199; Merriman v. Bottling Co., 17 Tenn. App., 433, 68 S. W. (2d), 149; Roddy Manufacturing Co. v. Cox, 7 Tenn. App., 147, and other Tennessee cases.

Before the trial of the cause plaintiffs filed a motion or a petition for a discovery, seeking to have the defendant, Orange-Crush Bottling Company, answer the following questions:

"1. Have you the name or names of your truck driver or drivers or employees of date, to-wit; Tuesday February 16, 1937, and if so please give their names.

"2. Who was your truck driver transporting and delivering your bottled Pepsi-Cola or drinks for you on the route including South Cooper Street, on to-wit, Tuesday February 16, 1937.

"3. If you have it, please give his name or address and state whether he is employed by you at this time."

In response to this petition the defendant, Orange-Crush Bottling Company, answered that on February 16, 1937, the truck driver on defendant's route which embraced South Cooper Street in the month of February, 1937, was Tom Willis Hill, and that his address was 206 Winchester, Memphis, and that the said Tom Willis Hill is still in the employ of the defendant, Orange-Crush Bottling Company.

It does not appear that the plaintiffs introduced in evidence the answer to the discovery filed by the defendant, Orange-Crush Bottling Company; and the petition and answer to the discovery are not contained in the bill of exceptions and cannot be considered as evidence. However, as we view it, the answer does not make any admissions with respect to the issues here involved.

It will thus be seen that there is no evidence in the record that the Orange-Crush Botting Company bottled and sold this particular bottle of Pepsi-Cola. It is not shown that it is the only bottling company that bottles Pepsi-Cola. There is no evidence that would warrant the conclusion that this defendant actually bottled this particular bottle of Pepsi-Cola, or that it sold it to the Memphis Grocery or R. F. Jones.

It is the settled rule that a high degree of care is exacted of manufacturers of food or bottlers of drinks which is to be sold for consumption by the public, and that there is sufficient privity between the manufacturer or bottler and the ultimate consumer to maintain a cause of action if the manufacturer or bottler is shown to have been negligent. Bell v. Bowers Stores, 3 Tenn. App., 590; Yates v. Coca Cola Bottling Works, 14 Tenn. App., 7; Merriman v. Coca Cola Bottling Co., 17 Tenn. App., 433, 68 S. W. (2d), 149, and the numerous cases therein cited and referred to. However, it is also well settled in this state that the rule of res ipsa loquitur does not have application to this class of cases, but the burden of proof is upon the plaintiff to show negligence. Coca Cola Bottling Works v. Kennedy, supra; Hoback v. Coca Cola Bottling Works, 20 Tenn. App., 280, 98 S. W. (2d), 113.

In the Holback case it was held that the bottling company could not be held liable on any ground of breach of warranty for injuries sustained by the purchaser of bottled beverages allegedly resulting from the presence of insects in the bottle. It was further held in that case that a verdict cannot be based on mere conjecture. It was further held that there must be some evidence from which it could reasonably be found that the foreign substance was in the bottle when it left the company's possession and that there had been no reason-

able opportunity for tampering with the bottle prior to its delivery to the consumer.

In the present case plaintiff did not introduce any evidence whatever, first, that the Orange-Crush Bottling Company actually bottled this particular bottle of Pepsi-Cola or that it was bottled at the plant of the Orange-Crush Bottling Company. Second, that it was actually sold and delivered by the Orange-Crush Bottling Company to the Memphis Grocery Company from whom plaintiff purchased the bottle of Pepsi-Cola here involved. Third, plaintiff did not even attempt to trace this particular bottle of Pepsi-Cola to the plant of the Orange-Crush Bottling Company, or to show that other persons did not have an opportunity of tampering with it after it was bottled. There is an utter lack of any proof of negligence upon the part of the Orange-Crush Bottling Company.

In the absence of any proof with reference to these matters, there were no facts or circumstances that would warrant an inference of negligence upon the part of the Orange-Crush Bottling Company, other than the mere fact that the flies were found in the bottle when the same was opened at the home of plaintiff. Since the rules of res ipsa loquitur does not apply, the law does not require the defendant to go forward with its proof. There must first be, at least, a prima facie case of negligence shown by facts or circumstances of negligence upon the part of the defendant bottling company. As stated in Merriman v. Coca Cola Bottling Co., supra, "Mere presence of glass in beverage bottle was not evidence of bottler's negligence in an action for injuries to one drinking beverage purchased from dealer."

We are therefore of the opinion that there was no error in the action of the court in sustaining the motion of the Orange-Crush Bottling Company for a directed verdict in its favor.

As to the other defendants, there is no proof of negligence, or any facts shown upon which a reasonable inference of negligence could be based. The retailer is not liable to the consumer under any implied warrant of food products that are purchased by him in the original containers and sold at retail to a customer, where there is nothing in the appearance of the package or the container that would put him upon notice that it was impure or unfit for human consumption. Bell v. Bowers Stores, 3 Tenn. App., 590.

It results that we find no error in the action of the court in directing verdicts for the respective defendants, and the assignments of error are accordingly overruled and the judgment of the court below is affirmed. Appellants will pay the cost of this appeal.

Anderson and Ketchum, JJ., concur.