CARRIE S. ELLEDGE v. PEPSI COLA BOTTLING COMPANY.

(Filed 6 April, 1960.)

**Food § 1—**

In an action to recover for injuries from a foreign and deleterious substance in a bottled drink, evidence tending to show that the drink was bottled under license from a particular company but failing to show that defendant bottler was responsible for bottling this particular drink, with evidence of only one other instance when a drink bought from the same retailer contained a foreign substance, is insufficient to make out a case.

APPEAL by plaintiff from *Johnston, J.,* November 3, 1959 Term, FORSYTH Superior Court.

Civil action for personal injuries to plaintiff alleged to have been caused by defendant's actionable negligence in dispensing a soft drink containing deleterious and harmful substance (bug). The complaint alleged the defendant, through its agent, sold and delivered to said Smitherman and Myers Grocery Store, a quantity of soft drinks produced and bottled by it, to be sold by said Smitherman and Myers Grocery Store, to its customers and patrons. The allegation is denied for lack of knowledge, information, or belief.

Mr. Myers, the grocer, testified he handled a number of different brands of soft drinks, including Suncrest, all of which he bought from a truck and paid the truck driver. The truck had "Pepsi Cola Bottling

Company" on it and the driver's uniform had "Pepsi Cola" on it. The plaintiff was a patron of his store and had bought the soft drink there.

Plaintiff introduced evidence that her husband, some 30 days before, discovered a small stick, apparently with the end chewed, in a bottle of Suncrest. The stick was about one and one-half inches long.

At the conclusion of plaintiff's evidence, judgment of nonsuit was entered, from which plaintiff appealed.

*Buford T. Henderson for plaintiff, appellant.*

*Deal, Hutchins and Minor, By: John M. Minor for defendant, appellee.*

PER CURIAM. The plaintiff has brought the action against Pepsi Cola Bottling Company of Winston-Salem, North Carolina. The evidence shows the plaintiff bought the drink from Smitherman and Myers. Mr. Myers testified he bought all the Suncrest he ever had from the Pepsi Cola Bottling Company. It was delivered off a truck. "I suppose it was a Pepsi Cola truck but I don't know. The truck had a driver who wore a uniform, I think; it had 'Pepsi Cola' on the uniform, I guess. . . . That is what they usually wear."

Assuming the evidence is sufficient to warrant the inference the purchase was made from some Pepsi Cola Company, that, certainly, is as far as the evidence goes. The evidence should permit the inference the drink was bottled and sold by the Pepsi Cola Bottling Company of Winston-Salem, North Carolina. This it does not do.

Evidence of only one other instance of deleterious substance in Suncrest was offered. The plaintiff's husband discovered a small stick about one and one-half inches long that had the appearance of having been chewed. This drink also came from Smitherman and Myers.

The evidence offered at the trial was not sufficient to go to the jury and sustain a verdict, and the judgment of nonsuit is

Affirmed.