HART, PLAINTIFF-APPELLEE, *v.* COCA-COLA BOTTLING COMPANY, DEFENDANT-APPELLANT.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26115. Decided March 21, 1963.

Mr. *Lawrence S. Levy* and Mr. *Leonard J. Haase*, for plaintiff-appellee.

Messrs. *Arter, Hadden, Wykoff & Van Duzer* and Mr. *William R. Slye*, for defendant-appellant.

*Per Curiam.* This is an appeal on questions of law from a judgment of the Municipal Court of Cleveland in favor of the plaintiff in the sum of fifteen hundred dollars ($1500.00) entered upon the verdict of a jury.

The petition of the plaintiff, in substance, alleges that on or about June 28, 1960, he purchased from the defendant a bottle of "King Size Coke" and that he consumed a part of the contents of the bottle which he discovered contained a foreign substance, namely, a bobby pin, rendering the contents unfit for human consumption; that thereafter, after drinking the contents of the bottle, he became ill. The only reference to the source of purchase of the bottle of coca cola is contained in the record at page ten, as follows:

"Q. Where did you get it?

"A. Off the truck, Coca-Cola man brings it around."

A search of the record discloses no further evidence on this subject and no further identification of the seller. Upon a careful consideration of the evidence, we are of the opinion that it is not of sufficient probative value to show that the coca cola was purchased from the defendant appellant. Neither do we find evidence to show facts from which an inference can reasonably be drawn that the truck from which the coca cola was purchased was operated by the defendant. Inasmuch as we are bound by the evidence as appears in the record, we cannot speculate as to the identity of the seller of the product. We, therefore, conclude that it was prejudicial error on the part of the trial court to overrule the motions either for a directed verdict at the close of all the evidence or for judgment notwithstanding the verdict.

In the case of *Sobolovitz* v. *The Lubric Oil Co.*, 107 Ohio

St., 204, 140 N. E., 634, paragraphs one and two of the syllabus read:

"1. To entitle the plaintiff in a personal injury suit to have his case submitted to a jury, it is necessary that he produce some evidence upon every element essential to create liability, or produce evidence of a fact upon which a reasonable inference may be predicated to support such element.

"2. An inference of fact cannot be predicated upon another inference, but must be predicated upon a fact supported by evidence."

To the same effect, see also:

*The City of Akron* v. *Butler*, 108 Ohio St., 122, 140 N. E., 324; *Ellis & Morton* v. *The Ohio Life Ins. & Trust Co.*, 4 Ohio St., 628; *Hamden Lodge* v. *The Ohio Fuel Gas Co.*, 127 Ohio St., 469, 189 N. E., 246.

For cases involving the same subject in other jurisdictions, see:

*Coca-Cola Bottling Co., Inc.* v. *Everett*, 108 So. (2d), 545 (Miss., 1959); *Elledge* v. *Pepsi Cola Bottling Co. of Winston-Salem, N. C.*, 113 S. E. (2d), 435 (N. Carolina, 1960); *Nigro* v. *Coca-Cola Bottling, Inc.*, 305 P. (2d), 426 (Wash., 1957).

The trial court, in the course of its charge to the jury, included a recitation of cases involving Coca Cola Companies in other jurisdictions and the results of the decisions therein. We are of the opinion that recitation by the court of the law of other cases could not possibly form a valid basis for charging the jury in respect to the law of the instant case. It is the function and duty of the court to charge the jury as to the law of the case. It is the function of the jury to determine the facts in accordance with the evidence and the law as applied thereto as given by the court. The recitation by the court in its charge of the results of other cases cannot possibly be of any concern to the jury. In our opinion, the discussion of the law of cases in other jurisdictions as part of the charge in the instant case constituted reversible error.

We find that the court likewise committed prejudicial error in including in its charge the question of permanent injuries and future pain and suffering, and future medical expenses for the plaintiff, where there was no evidence introduced to support the same.

For the reasons stated, the judgment of the trial court is reversed and final judgment rendered for the defendant.

HURD, P. J., KOVACHY and SILBERT, JJ., concur.