**Odell WELCH, Appellant,**

v.

**The COCA–COLA BOTTLERS' ASSOCIATION, Appellee.**

No. 3880.

Court of Civil Appeals of Texas.

Eastland.

May 29, 1964.

Rehearing Denied June 19, 1964.

Lefkowitz, Green, Ginsberg, Eades & Gilmore, Jack D. Eades, Dallas, for appellant.

Jackson, Walker, Winstead, Cantwell & Miller, W. B. Patterson, Dallas, for appellee.

COLLINGS, Justice.

Odell Welch brought suit against Coca-Cola Bottlers' Association to recover damages for personal injuries which plaintiff claimed to have sustained by drinking a portion of a bottle of coca-cola containing a foreign substance which plaintiff alleged the defendant had bottled. At the close of plaintiff's evidence the defendant made a motion for an instructed verdict on two grounds, (1) that there was no evidence the bottle of coca-cola had been bottled by appellee or had ever been in the care, custody or control of appellee and (2) that there was no evidence that the drink was unfit for human consumption. The court granted the defendant's motion, withdrew the case from the jury and rendered judgment that plaintiff take nothing. Odell Welch has appealed.

Appellant presents one point in which he contends that the court erred in granting appellee's motion to withdraw the case from the jury. Appellant contends that the evidence raised a fact issue on the question of whether he purchased coca-cola in appellee's sealed bottle which contained a foreign substance, the consumption of which caused his injuries and suffering. Appellant contends the evidence presented a prima facie case showing that he purchased a king-sized coca-cola in a sealed bottle from a barbecue stand in down town Dallas; that the bottle contained an unknown foreign substance which had the appearance of two black snails or bugs; that the consumption of the contents of the bottle and the sight of the foreign substance therein caused injury and damage to appellant, and that the barbecue stand from which appellant purchased the coca-cola is in the area of distribution of appellee's plant which bottles and sells coca-cola in Dallas County. Appellant contends that he "was not required—to establish conclusively—that the particular coca-cola—was bottled by appellee." Appellant also particularly attacks the accuracy of appellee's contention that there was no evidence that the beverage in question was unfit for human consumption.

We agree with appellant's contention that there was evidence that the coca-cola in question was unfit for human consumption. As heretofore indicated, one of the grounds upon which appellee based its motion for an instructed verdict was that

there was no evidence the bottle of coca-cola was unfit for human consumption. Appellant contends that there was ample evidence that the drink was unfit for human consumption and the court erred in with-drawing the case from the jury based upon the assumption that there was no such evidence. We concur with appellant's contention in this respect.

The other ground upon which appellee based its motion for an instructed verdict was that there was no evidence that appellee had bottled or had any connection with the coca-cola upon which appellant Welch based his claim. Appellant contends that he was not required to establish conclusively that the coca-cola in question was bottled by appellee. In connection with the question of whether appellant has sufficiently connected appellee with the bottle of coca-cola involved the rule in such cases is set out in 36A C.J.S. Food § 69(1), p. 921 as follows:

> "In actions to recover for injuries caused by unfit or contaminated food, the general rules as to presumptions and burden of proof apply. Thus, the burden of proof is on plaintiff to show the existence of all the facts necessary to constitute a cause of action. Plaintiff must show defendant's connection with the food, that is, he must show that defendant manufactured, sold, or served the food, as the case may be * * *." See also 77 A.L.R.2d 251, 252, where it is stated:
>
> "§ 21. Necessity of identification.
>
> " 'There is no room for doubt that a holding that a beverage manufacturer, bottler, or seller was liable for injury caused by the beverage must necessarily be predicated on proof that the beverage in question was one for whose condition the defendant was in some way responsible: thus, for example, if recovery is sought from a bottler, it must be shown that he was the bottler of the particular bottled beverage which caused injury.' "

The evidence shows that appellant went to Audie's Barbecue stand on Akard Street in Dallas for lunch and ordered a sandwich and a king-sized coke at the counter. When appellant received the bottle of coca-cola and drank a portion of it he saw two foreign bodies stuck to the inside bottom of the bottle which were about a quarter of an inch long and looked like two little black snails. This sight upset appellant's stomach and he became very sick. He thereafter went to the telephone booth and called the Coca-Cola Company on the expressway. He was told to call the Second Avenue Coca-Cola Bottling Company, which he did and requested that someone come and look at the bottle of coca-cola which he had purchased. Although he waited for some time no one came and because his stomach was still upset he didn't wait any longer.

Mr. C. J. McNamara was called by appellant as an adverse witness. Mr. McNamara testified in effect that he was manager of appellee Coca-Cola Bottling Company which had two plants in Dallas where coca-cola was bottled; that the cokes bottled in these two plants were distributed in the Dallas area, and that they had warehouses in Waxahachie, Denton and Terrell. When asked if any other bottling company bottled and distributed coca-cola in the Dallas area Mr. McNamara replied "That has happened, yes." When asked "Is that the normal procedure, or is that abnormal procedure" he stated that it was abnormal but that "it has happened." The bottle of coca-cola in question was not introduced in evidence and there is no showing in the record that there were identifying marks on the bottle which would connect it with appellee. The proprietor of Audie's Barbecue where appellant purchased the drink was not called to testify and there is no evidence that such establishment purchased the coca-cola in question from appellee. The only indication in this connection is that the barbecue stand is in the down town Dallas area and is in the area of distribution by appellee's plant.

No witness testified that appellee delivered this particular bottle of coca-cola to the barbecue stand or they ever delivered any coca-cola to such place of business or to any one else who might have delivered it to Audie's Barbecue.

Appellant cites no Texas cases bearing upon the exact point under consideration. Appellee urges several cases from other jurisdictions which appear to be in point. In the case of Jackson Coca-Cola Bottling Co. v. Grubbs, 143 Miss. 590, 108 So. 732, suit was brought for damages alleged to have been sustained when the plaintiff drank a coca-cola which contained broken glass. The plaintiff had purchased the drink from a merchant whose business was within the trade territory of the defendant. The evidence showed that on occasions both before and after the time that plaintiff purchased his drink that the defendant's truck delivered coca-cola to the store where plaintiff had made her purchase. In holding that there was no evidence to connect the bottle in question with the defendant, the court stated as follows:

"There was testimony to the effect that a truck bearing the name of Jackson Coca-Cola Bottling Company was seen to deliver soft drinks at the store of the defendant Burnham on several occasions, both before and after the purchase by the appellee of the bottle of coca-cola in question. The husband of the appellee also testified that the name of P. L. Borden was on the bottle which he purchased, and there was also testimony tending to show that Simpson county was in the trade territory of the Jackson Coca-Cola Bottling Company, and that plaintiff sold and delivered coca-cola to the retail merchants in that territory. In answer to a direct question, one witness testified that this company was the only one that sold coca-cola in that territory and in the town of Merit during the year 1924, but on cross-examination he admitted that he did not know that to be a fact,

and that the statement was merely a conclusion. There was also testimony for the plaintiff that coca-cola was bottled, sold, and distributed by plants located at Laurel and Hattiesburg, and that it was sold on the various trains running through the trade territory in which Merit is located. The burden was on the appellee to show that the bottle containing glass was manufactured or bottled by the appellants, or one of them, and we think the testimony offered failed to meet this burden. It may be that, by contract or agreement, exclusive rights for the sale and distribution of coca-cola in certain territory were allotted to particular companies, but we cannot know that fact in the absence of proof to establish it. The defendant Burnham, who was present at the trial, should have been able to testify as to whom he purchased coca-cola from, but he was not offered as a witness; and, upon the evidence offered for the purpose of showing that the drink was bottled and sold by the appellants, we think the peremptory instruction requested by them should have been granted." See also Williams v. Coca-Cola Bottling Company, Mo.App., 285 S.W.2d 53; Bilk v. Abbotts Dairies, Inc., 147 Pa. Super. 39, 23 A.2d 342; Wilkes v. Memphis Grocery Co., 23 Tenn.App. 550, 134 S.W.2d 929; Wilkes v. Jones, 24 Tenn.App. 36, 139 S.W.2d 416.

In Leathers v. Sikeston Coca-Cola Bottling Company, Mo.App., 286 S.W.2d 393, the court indicated the type and extent of the evidence necessary to present a jury question in such a case, stating as follows:

"There was ample evidence that defendant sold Coca-Cola to Cubs Cafe. Proof that no one else sold it Coca-Cola was less substantial. It rests upon the testimony of the witness Barber, who said that 'as far as I know' they got their Coca-Cola from Sikeston and that they did not get it from any place

**30**

else that she knew of, that it was usually delivered by a certain truck and by a certain driver (Davis) in the morning and that she paid for it; upon the testimony of defendant's foreman witness McClellan that he 'believed' defendant had an exclusive franchise for Dexter and that he didn't believe any other company sold Cubs Cafe; upon the fact that the defendant did deliver Coca-Cola to the cafe three days before the incident, and finally upon the fact that the bottle in question was marked 'Sikeston' ".

\*   \*   \*   \*   \*   \*

"While the evidence of McClellan, the evidence of Barber, or the marking on the bottle, each standing alone, would fail to connect the bottle with the defendant, when taken together they are mutually supporting and corroborative and their weight was for the jury. Collectively they make up evidence from which the jury could have found or inferred the defendant's responsibility for the bottle which contained the film." See also Dunn v. Texas Coca-Cola Bottling Co., Tex.Civ.App., 84 S. W.2d 545; Hart v. Coca-Cola Bottling Co., Ohio App., 188 N.E.2d 817; Elledge v. Pepsi-Cola Bottling Co., 252 N.C. 337, 113 S.E.2d 435; Nigro v. Coca-Cola Bottling, Inc., 49 Wash.2d 625, 305 P.2d 426.

Appellant had the burden of presenting evidence that appellee was the bottler of the drink which caused his injury. To establish this fact appellant relied solely on the fact that appellee distributes coca-cola in the general area where Audie's Barbecue stand is located and the testimony by Mr. McNamara that although other bottling companies sometimes distribute coca-cola in that area such is not normal procedure. No witness testified that appellee is the only concern which distributes bottled coca-cola in Dallas, or that Audie's Barbecue received the bottle in question, or any other coca-cola, from appellee. This evidence in our

opinion presented only a surmise or suspicion against appellee as indicated in Joske v. Irvine, 91 Tex. 574, 41 S.W. 1059. There was no evidence of probative force that appellee had bottled or had any connection with the coca-cola here in question and the trial court did not err in withdrawing the case from the jury and rendering judgment for appellee.

The judgment is affirmed.