HENRY A. SMITH v. JIM STEEN AND CARRY STEEN.

(Filed 28 November, 1945.)

**Appeal and Error § 37a—**

> The burden is on the appellant, not only to show error, but to enable the court to see that he was prejudiced or the verdict of the jury probably influenced thereby.

APPEAL by plaintiff from *Olive, Special Judge,* at May Term, 1945, of RICHMOND. No error.

Action for damages for wrongful eviction from leased premises. Plaintiff alleged that on account of threats of physical violence by defendant Jim Steen, and his wrongfully cutting the electric wires, plaintiff was forced to vacate a dwelling house which he had leased from the defendants; that due to the wrongful conduct of defendants he was badly frightened and suffered injury to his electrical appliances. Plaintiff alleged substantial damage, both compensatory and punitive.

Defendants, answering, denied making the threats complained of, and alleged that the cutting of the electric wires was caused by plaintiff's improper use of electricity in violation of contract.

The following issue was submitted to the jury: "Did the defendant Jim Steen wrongfully evict the plaintiff from the house he had rented?" The jury answered the issue "No." Other issues were not answered.

From judgment for defendants on the verdict, plaintiff appealed.

*A. A. Reaves and George S. Steele, Jr., for plaintiff.*
*Z. V. Morgan for defendants.*

DEVIN, J. The determinative issue of fact raised by the pleadings, and upon which the contest was waged, has been by the jury decided in

favor of the defendants. The only assignments of error brought forward by the plaintiff in his appeal relate to the court's instructions to the jury. An examination of the charge as a whole in the light of the criticism noted, however, leads us to the conclusion that no prejudicial error is shown, which should require upsetting the verdict and judgment and awarding a new trial. "The burden is on the appellant not only to show error but to enable the court to see that he was prejudiced or the verdict of the jury probably influenced thereby." *Collins v. Lamb,* 215 N. C., 719, 2 S. E. (2d), 863; *Wilson v. Lumber Co.,* 186 N. C., 56, 118 S. E., 797.

The case at bar involved controverted questions of fact which seem to have been fairly presented. The triers of the facts have accepted the defendants' version. The result will not be disturbed.

No error.