FANNIE V. BOWEN v. GEORGE DARDEN and Wife, HILDRED DARDEN.

(Filed 11 April, 1951.)

**1. Reformation of Instruments § 6—**

The life tenant may not maintain an action against the remainderman
to reform the deed without the joinder of the grantors.

**2. Deeds § 16c—**

Breach of agreement by the remainderman to care for the life tenant
during the remainder of her life, cannot entitle the life tenant to judgment
declaring her the owner of the land free of the remainder.

**3. Trusts § 5c—**

An action by the life tenant against the remainderman and her husband
to have the remainderman declared trustee *ex maleficio* cannot be main-
tained in the absence of evidence that the remainderman was guilty of any
fraud or that there was collusion between the remainderman and her
husband so as to charge her with liability for fraud alleged to have been
committed by him.

**4. Same—**

There must be allegation that provision in the deed conveying the re-
mainder was inserted therein without the knowledge and consent of the
life tenant in order to entitle the life tenant to have the remainderman
declared a trustee for her use and benefit on the ground that the husband
of the remainderman had the provision conveying the remainder inserted
in the deed in violation of the trust and confidence reposed in him by the
life tenant.

**5. Pleadings § 3a—**

Plaintiff must choose the cause of action upon which she relies and state
same in a clear and concise manner so that defendants will not be left in
doubt as to how to answer and what defense to make.  G.S. 1-122.

**6. Pleadings § 25—**

The pleadings must raise the precise issues which are to be submitted
to the jury so as to clearly define the nature of the cause of action.

**7. Pleadings § 24a—**

Allegation and proof must correspond, and where the proof offered is
not directed to any issue raised by the pleadings, there is fatal variance
requiring a dismissal.

APPEAL by plaintiff from *Morris, J.,* September Term, 1950, PITT.
Affirmed.

Civil action in which plaintiff seeks relief against the terms of a deed.

The deed under attack conveys the Massey property in New Bern to plaintiff for life with remainder in fee to the *feme* defendant, her daughter. Claiming that the property should have been conveyed to her in fee, plaintiff now seeks to avoid the effect of the provision conveying the property to the *feme* defendant in fee, subject to her life estate. Defendants then lived with plaintiff and the male defendant supervised her farm and transacted much of her business.

From the plaintiff's complaint we glean the following allegations: (1) Plaintiff, on account of her age and infirmity, decided to move from the country to town where she would be more comfortable and could more easily obtain medical attention; (2) she obtained an option to buy the Massey home in Greenville for $21,000; (3) to supplement the cash she had on hand she borrowed $1,500 from a daughter and $6,500 from the savings and loan association; (4) when she went to the lawyer's office to close the deal and receive the deed, she discovered she lacked $2,300 having the amount required to pay the purchase price; (5) the male defendant, her son-in-law, agreed to and did advance this amount as a loan, and she agreed to give him security for it. She was unduly influenced by the defendants to secure or arrange for the repayment of this loan by having the deed to the Massey property made so the title would vest "in the name of the plaintiff first as the life tenant with the remainder in fee simple to the defendants," upon the representation that the interest of defendants would be discharged by the repayment of the loan; (6) the deed was written in its present form so as to afford the defendants security for the repayment of the loan; (7) the plaintiff has offered to repay said loan and now stands ready, able, and willing to repay same, but defendants refused and still refuse to accept the same; (8) for some seventeen years prior to said purchase, the defendants, plaintiff's daughter and son-in-law, had lived in plaintiff's home. The male defendant supervised her farm and attended to other business for her, and she had great confidence in him and relied upon his assistance; (9) the arrangement consummated, unless corrected to reflect the actual lending agreement rather than the conveyance of the remainder interest in the property to defendants, "would constitute an unconscionable and inequitable bargain."

She prays that she be declared the owner of said property, free of any right or claim thereto by defendants, that the purported remainder interest be charged with a trust in her favor and "that the purported remainder interest of the plaintiff (defendants?) therein be removed and stricken from the record as a cloud upon plaintiff's title."

The testimony offered tends to show two conflicting situations:

(1) The defendants agreed to live with plaintiff during the remainder of her life and they were to have the house and lot at her death. "If they

had stayed with me they would have been welcome to that place after I died." The agreement was made when the deed was being prepared. The defendants lived with plaintiff for about one year thereafter and then moved elsewhere, thereby breaching their agreement to live with and care for plaintiff during her natural life; and

(2) Plaintiff purchased the Massey property but let the male defendant look after closing the deal because of her enfeebled condition and because of her confidence in him. He had the deed made just as he wanted it, and she believed he would "do it right." By reason of her confidence in him she did not even read the deed. She did not discover its true contents until about a year later, after defendants had left her home.

At the conclusion of plaintiff's evidence in chief, defendants moved for judgment as of nonsuit. The motion was allowed and plaintiff appealed.

*Dink James, Kenneth G. Hite, and Albion Dunn for plaintiff appellant.*
*Blount & Taft, E. H. Taft, Jr., and W. H. Watson for defendant appellees.*

BARNHILL, J. The complaint is an extended and somewhat laborious recital of numerous events, facts, and circumstances. Occurrences both before and after the execution of the deed under attack are detailed at some length. This prolixity renders it difficult, if not impossible, for us to ferret out with any degree of certainty the exact nature of the cause of action plaintiff seeks to allege. On the argument here her counsel was unable to give us any assistance in this respect. *Jackson v. Hodges, Comr. of Insurance,* 232 N.C. 694.

If she seeks to reform the deed, then the grantors are necessary parties. If she rests her case upon the alleged breach of an agreement by defendants to live with and care for her during the remainder of her life, she must seek another remedy. *Minor v. Minor,* 232 N.C. 669. If it is her purpose to have the grantee of the remainder interest declared trustee, *ex maleficio,* for that the inclusion of that provision was procured by the fraud and undue influence of the defendants, she is met by the fact there is no evidence the grantee in any wise took advantage of any confidential relation or participated in procuring the inclusion of the remainder provision in the deed. Nor is there allegation or proof that there was any collusion between the two defendants such as would charge the *feme* defendant, grantee, with liability for the acts of the male defendant.

On the other hand, if she seeks to impress a trust upon the remainder interest conveyed to Hildred Darden and have her declared trustee for the use and benefit of plaintiff for the reason the male defendant abused

and betrayed his position of trust and confidence by having the deed prepared in its present form, without the knowledge and consent of plaintiff, then there is no sufficient allegation in the complaint to support testimony to that effect. Plaintiff was unduly influenced to agree to insert that provision in the deed as a means of securing the money borrowed from the male defendant. So it is alleged. And this allegation imports knowledge of the contents of the deed at the time it was executed.

There must be *allegata* and *probata* and the two must correspond to each other. The plaintiff must make out her case *secundum allegata,* and the court cannot take notice of any proof unless there is a corresponding allegation. *Maddox v. Brown,* 232 N.C. 542; *Whichard v. Lipe,* 221 N.C. 53, 19 S.E. 2d 14.

It may be, as counsel for plaintiff so earnestly insists here, the facts alleged entitle plaintiff to some relief. Yet the law requires the plaintiff to choose the cause of action upon which she desires to rely, and she must state that cause of action in her complaint in a clear and concise manner, G.S. 1-122, so that the defendants will not be left in doubt as to how to answer and what defense to make. *Hussey v. R. R.,* 98 N.C. 34. The pleadings must raise the precise issues which are to be submitted to the jury, *Hunt v. Eure,* 189 N.C. 482, 127 S.E. 593, so that the court itself may not be left in a quandary as to the cause of action it is trying. *King v. Coley,* 229 N.C. 258, 49 S.E. 2d 648.

The proof offered is not directed to any issue raised by the pleadings, and for this reason there is a variance between allegation and proof. This requires a dismissal. *Whichard v. Lipe, supra.*

The judgment below is

Affirmed.