FAGG SAWYER v. SOUTHERN RAILWAY COMPANY AND JOE SAWYER.

(Filed 19 September, 1951.)

**1. Negligence § 19c—**

Nonsuit is properly entered when plaintiff by his own testimony makes out a clear case of contributory negligence, and thus proves himself out of court.

**2. Railroads § 5—**

Plaintiff's testimony was to the effect that he saw the headlight of defendant's train backing toward him, that he knew the train would continue on the sidetrack or turn onto a spur track, that he acted on an assumption that the train would turn aside on the spur and placed his hand on a boxcar or got between boxcars standing on the sidetrack, and was injured when the train crashed into them. *Held:* Plaintiff's testimony clearly establishes contributory negligence barring recovery notwithstanding that there was no light or trainman on the rear of the backing train.

VALENTINE, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Rousseau, J.,* May Term, 1951, of HAYWOOD. Affirmed.

This was suit to recover damages for a personal injury alleged to have been caused by the negligence of the defendant.

Plaintiff's injuries allegedly resulted from the operation of defendant's engine and cars along one of its tracks in Bryson City on the evening of 21 December, 1949. According to his complaint he was standing with his hand on a boxcar on defendant's sidetrack when it was struck by the train and he was caused to fall under the car and suffered injury. He alleged the train was being backed without warning, or lights, or man on the rear end of the train in the direction in which it was moving.

On the trial the plaintiff testified that on the evening alleged he walked north on Everett Street, across the 3 tracks of the railroad to an unnamed street or road which runs east parallel with the tracks to Greenlee Street (a north-south street parallel with Everett Street), and that he walked east on this road until he came near a spur track branching off from the sidetrack to the north. As he approached this spur track he observed the glare of the headlight of the engine which was backing cars west on the sidetrack in his direction. He said, "I looked and saw this glare of the lights and knew that the engine was above Greenlee Street— . . . I heard no whistle and no noise, but I knew the train was backing in a westerly direction toward me as I moved up this narrow road." Plaintiff stopped when 15 to 25 feet of the spur track uncertain whether the train might be coming in on the spur and block his crossing or continue west on the sidetrack. There the road runs close to the sidetrack. On this sidetrack there were two or three cars standing. He said: "I waited there in the darkness, this road is at the edge of that track, and at that time I started to answer a act of nature, and I reached over and put my hand on the second car, thinking this train would come back on the spur . . . I saw all at once that I had misjudged it and the train shoved and slammed into the first car and shut me in between those two cars, and I reached up and tried to grab on to the coupling and missed and fell between the tracks." Plaintiff said he saw no light and no one on the back of the car as it approached.

On cross-examination plaintiff testified he saw the engine pushing cars in the direction of those three cars on the sidetrack, and that he walked over to the second car to answer a call of nature. "I knew this engine was moving up there then in the direction of the car that I put my hand on." Plaintiff was familiar with the location of the tracks, spur and switch to the spur. Plaintiff admitted he had consumed a small amount of whiskey that afternoon, but was not drunk.

There was other evidence for plaintiff not material to this appeal, and also evidence offered by defendant.

At the close of all the evidence defendant's motion for judgment of nonsuit was allowed, and from judgment dismissing the action plaintiff appealed.

W. R. Francis for plaintiff, appellant.
Joyner & Howison and Jones & Ward for defendants, appellees.

DEVIN, C. J.   It has been repeatedly said by this Court that judgment of involuntary nonsuit may properly be entered when the plaintiff by his own testimony makes out a clear case of contributory negligence, and thus proves himself out of court. Hayes v. Tel. Co., 211 N.C. 192, 189 S.E. 499; Hampton v. Hawkins, 219 N.C. 205, 13 S.E. 2d 227; Barlow v. Bus Lines, 229 N.C. 382, 49 S.E. 2d 793; Howard v. Bingham, 231 N.C. 420, 57 S.E. 2d 401; Carruthers v. R. R., 232 N.C. 183, 59 S.E. 2d 782.   Here the plaintiff testified he saw the engine and cars backing toward him, and he stopped to see whether the train would continue on the sidetrack on which it was moving or turn into a spur track which crossed plaintiff's path.   Instead of waiting to determine the event, plaintiff, according to his own testimony, walked over to some cars standing on the sidetrack on which the train was coming, and laid his hand on one of them or got between two of them, and was injured when the train continuing on the sidetrack pushed into those cars.

The fact that there was no light or trainman on the end of the train approaching would not relieve plaintiff of the duty to exercise ordinary care when he saw the train coming, observed its movement, and knew it must come on either the sidetrack or the spur track.   Without waiting, he acted on the mistaken idea that the train would turn aside on the spur, and in some way got between the cars on the sidetrack.   Contributory negligence seems to have been clearly established by plaintiff's own testimony.

Judgment affirmed.

VALENTINE, J., took no part in the consideration or decision of this case.