HAROLD JOHNSON v. G. K. HEATH, JR., AND CLIFTON HEATH, INDIVIDUALLY, AND T/A HEATH'S FISH MARKET.

(Filed 5 May, 1954.)

1. **Automobiles § 8a: Animals § 2—**

It is the duty of the driver of an automobile to keep a reasonably careful lookout in the direction of travel so as to avoid collision with animals, persons and vehicles on the highway.

**2. Animals § 2—Evidence held to show contributory negligence as matter of law on part of motorist hitting mule on highway.**

> Evidence tending to show that plaintiff was driving his car on a bright moonlight night on a straight highway, that a mule grazing beside the road started walking across the highway when plaintiff was one hundred yards distant, that plaintiff, without slackening speed, drove on and collided with the mule when only her hindquarters and rear feet were on the hard surface, and that plaintiff was not meeting any oncoming traffic and had plenty of room to turn left and avoid the collision, *is held* to disclose contributory negligence on the part of plaintiff as a matter of law barring recovery for personal injury and property damage caused by collision of the automobile with the mule.

**3. Appeal and Error § 38—**

> Appellant must not only show error, but also that the alleged error was prejudicial and not merely technical, and amounted to the denial of some substantial right.

**4. Appeal and Error § 39c—**

> When plaintiff's own evidence discloses contributory negligence barring recovery as a matter of law, so that it is apparent he is not entitled to prevail in any view of the case, a new trial will not be awarded for mere technical error.

APPEAL by plaintiff from *Hubbard, Special Judge,* January Term 1954, of PITT.

Civil action to recover for personal injuries and property damage caused by a collision of an automobile plaintiff was driving, with a mule.

Plaintiff's evidence tended to show the following facts. The night of 5 July 1952 was a bright, moonlit night. About 9:00 or 9:30 p. m. that night plaintiff was driving his automobile between 45 and 50 miles an hour from Farmville to Greenville on U. S. Highway 264. His uncle, Alvin Johnson, who was riding with him, did not testify in the case. A loose mule of the defendants was grazing on the shoulder of the highway. The highway was straight one or one and a half miles from where the mule was grazing in the direction of Farmville. Plaintiff was meeting no car: nothing obstructed his view. The mule started across the highway, when plaintiff's car was 100 yards from her: she "took her time" walking across. Plaintiff without slackening his speed collided with the mule, whose front feet were off the highway and only her hindquarters and rear feet were on the pavement. There was plenty of room for plaintiff to turn to the left on the pavement and to miss the mule. Without objection a witness for the plaintiff, who saw the collision, testified "the headlights of the car picked up the mule when it was within 100 or 150 yards of the mule." Plaintiff's automobile was stopped by a tree 99½ feet from the point of collision. Plaintiff was knocked unconscious, and received injuries; Alvin Johnson was unhurt.

The plaintiff testified in substance as follows. On this night he drove to Farmville to see a ball game; did not see it; rode around "a little bit"; the last thing he remembers he was driving on the Greenville Highway; doesn't know how fast he was driving; didn't see a mule; doesn't remember the collision at all; woke up in the hospital.

The mule had been out of defendants' pasture twice within two or three weeks prior to the collision. Before the collision the defendant G. K. Heath, Jr. was told the fence would not keep the mule in the pasture, and said he was going to fix it, but did not. On the night of the collision a gap had been left down in the fence. An employee of the defendants that afternoon delivered blocks near a tobacco barn on defendants' farm. To get to this barn he had to take down a gap in the wire. The morning after the collision the defendant G. K. Heath, Jr. told a witness for the plaintiff the gap was down. It was stipulated the collision occurred in Stock Law territory.

The defendants offered no evidence.

Issues of negligence, contributory negligence and damages were submitted to the jury, who answered the first issue as to negligence No.

From judgment signed in accord with the verdict, the plaintiff appealed assigning error.

*Robert D. Rouse, Jr., for Plaintiff, Appellant.*
*Albion Dunn and Louis W. Gaylord, Jr., for Defendants, Appellees.*

PARKER, J.   The facts in the recent case of *Kelly v. Willis*, 238 N.C. 637, 78 S.E. 2d 711, are different. In that case the mule suddenly emerged from the darkness north of the highway, trotted onto the highway and into the path of plaintiff's oncoming truck, which was only 15 feet away. The driver saw the mule just as it emerged from the darkness, promptly applied his brakes, but could not stop before striking the mule. He could not turn to the left to avoid striking the mule, because of an approaching automobile on that part of the roadway.

It is the duty of the driver of an automobile to keep a reasonably careful lookout in the direction of travel so as to avoid collision with animals, persons and vehicles on the highway. *Singletary v. Nixon*, 239 N.C. 634, 80 S.E. 2d 676; *Cox v. Lee*, 230 N.C. 155, 52 S.E. 2d 355; *Murray v. R. R.*, 218 N.C. 392, 11 S.E. 2d 326. "He is held to the duty of seeing what he ought to have seen." *Wall v. Bain*, 222 N.C. 375, 23 S.E. 2d 330.

The plaintiff was operating his automobile on a straight public highway. It was a bright, moonlit night. He was meeting no car; nothing obstructed his view. The mule was grazing beside the road, and started walking across the highway when plaintiff was 100 yards away. Without slackening his speed plaintiff drove on, and collided with the mule, when

only her hindquarters and rear feet were on the pavement. There was plenty of room for him to turn to the left, and avoid the collision. One of plaintiff's witnesses, who saw the collision, testified without objection the headlights of the car picked up the mule when the automobile was 100 or 150 yards of the mule. Plaintiff's evidence compels the unescapable conclusion that he was not looking in the direction of travel, or if looking, he did not see the mule in time to turn to the left and avoid striking her. In either event, his own negligence, as a matter of law, proximately contributed to his injury, and plaintiff has proved himself out of court. *Presley v. Allen & Co.,* 234 N.C. 181, 66 S.E. 2d 789; *Cox v. Lee, supra; Sawyer v. R. R.,* 234 N.C. 164, 66 S.E. 2d 639; *Ovens v. Charlotte,* 159 N.C. 332, 74 S.E. 748.

Plaintiff makes these contentions: the court erred in excluding evidence that two days after the collision one defendant conveyed all of his property to his wife, and the other all of his property to his father; that the court erred in charging the jury there was no evidence that the defendants knowingly permitted the mule to run at large; and there was not sufficient evidence for the jury to consider whether an agent of the defendants permitted the mule to get out of the pasture. Conceding, but not deciding, there was technical error in the trial below; it was harmless, for if this action were returned for a new trial, the plaintiff could not recover.

Technical error is not sufficient to disturb the verdict and judgment. The burden is on the appellant not only to show error, but to show prejudicial error amounting to the denial of some substantial right; or to phrase it differently, to show that if the error had not occurred, there is a reasonable probability the result of the trial might have been materially more favorable to him. *Smith v. Oil Co.,* 239 N.C. 360, 79 S.E. 2d 880; *Freeman v. Preddy,* 237 N.C. 734, 76 S.E. 2d 159; *Rea v. Simowitz,* 226 N.C. 379, 38 S.E. 2d 194; *Smith v. Steen,* 225 N.C. 644, 35 S.E. 2d 888; *Collins v. Lamb,* 215 N.C. 719, 2 S.E. 2d 863; *Wilson v. Lumber Co.,* 186 N.C. 56, 118 S.E. 797.

In *Freeman v. Preddy, supra,* the Court said "we have consistently held that when, upon a consideration of the whole record, it clearly appears that the appellant, under no aspect of the testimony, is entitled to recover and that the evidence considered in the light most favorable to him is such that the trial judge would have been fully justified in giving a peremptory instruction, or directing a verdict, against him on the determinative issue or issues, any error committed during the trial will be deemed harmless"—Citing many authorities.

Applying the rules of appellate practice, it becomes clear the case should not be sent back for a new trial.

No error.