MURRY LEE MESIMORE AND MARION MARLOW MESIMORE v. A. B. PALMER; C. D. COOK AND WIFE, ELTHIE M. COOK; J. LEWIS PATTERSON AND WIFE, BLANCHE B. PATTERSON; AND ARNOLD FRANKLIN ABERNETHY AND WIFE, BILLIE MENSER ABERNETHY.

(Filed 1 February, 1957.)

1. Evidence § 25—

Where the issue raised by the pleadings and evidence is whether lessor waived breach of the lease, evidence offered by lessees for the purpose of showing that there had been no breach is irrelevant to the issue and properly excluded.

2. Appeal and Error § 41—

Where lessees rely upon waiver of breach of the lease contract, the exclusion of evidence as to negotiations between lessor and one of lessees in regard to a collateral dispute, relevant solely because settlement thereof was made to depend upon the continuance of the lease, is harmless even if such evidence was competent, since there is nothing in the excluded evidence to show waiver.

3. Trial § 36—

The allegations set forth waiver by lessor of breach of the lease conditions on a specified date. *Held:* The refusal of the court to submit an issue relative to the sufficiency of notice of default at a subsequent date is proper, since the trial must be limited to matters put into dispute by the pleadings.

JOHNSON, J., not sitting.

APPEAL by plaintiffs from *Crissman, J.,* June Term 1956 of CABARRUS.

This action was begun 15 October 1955. The complaint alleged defendants Palmer, Cook, and Patterson, in 1953, leased to plaintiffs and defendants Abernethy a parcel of land with an option to purchase, that lessors asserted a default and forfeiture under the terms of the lease when in fact there was no default. They asked for a declaratory judgment. The defendants demurred for failure to state a cause of action. The demurrer was sustained whereupon plaintiffs filed an amended complaint.

Attached to and made a part of the amended complaint was a lease for a term of five years to plaintiffs and defendants Abernethy. The right to occupy was conditioned upon the payment of semiannual installments of rent and other expenditures made obligatory on lessees. The amended complaint then alleged on 22 August 1955 lessors had notified lessees of the termination of the lease for failure to comply with its provisions when in truth and in fact plaintiffs had fully complied with all the terms of the lease; that the demised premises were fit and intended for agricultural purposes and were so used or attempted

to be used by lessees, but because of the wrongful assertion of default they were unable to obtain the necessary credit on which to farm. Defendants Abernethy, joint lessees with plaintiffs, were made parties defendant because of their refusal to become plaintiffs. Based on the complaint plaintiffs prayed that the court adjudge they were not in default, that lessors had no right to terminate the lease and option to purchase and that a judgment declaratory of the rights of the parties be entered as provided by G.S. 1-253.

Defendants Palmer, Cook, and Patterson answered. They admitted the execution of the lease and averred lessees had breached the covenants therein contained in numerous particulars set out in detail in the answer: among others, failure to pay rents in installments due August 1953 and all installments due in 1954 and 1955, and because of lessees' failure to comply with the provisions of the lease they had, on 22 August 1955, notified lessees of the termination of the lease; and notwithstanding such notice, lessees continued in default. They averred that defendants Abernethy had, on 1 December 1955, released and quitclaimed all rights which they might have to the lessors. The answer prayed that lessors be adjudged the owners and entitled to immediate possession of the premises and for a monetary judgment to satisfy rents accrued and moneys advanced for plaintiffs.

Defendants Abernethy, in March 1956, filed an answer disclaiming any interest in the controversy asserting they had, on 1 December 1955, relinquished to lessors any claim which they could assert.

Plaintiffs replied to the answer of the defendants Palmer, Cook, and Patterson. They admit that lessees had defaulted in their obligations under the lease. They aver that the defaults were occasioned by controversies which developed between plaintiffs and the defendants Abernethy, the lessees of the property. They allege that in July 1955 lessors agreed to waive the defaults which had then occurred if lessees would settle their controversies and carry out the terms of the lease; that they settled and adjusted their controversy with defendants Abernethy but lessors repudiated their agreement and refused to permit plaintiffs to comply with the lease and option. They allege if they are not entitled to specific performance they are entitled to damages in the sum of $75,000 for breach of the contract.

Defendants, lessors, at the conclusion of the evidence, announced they would not seek judgment for the rents and other sums asserted to be owing by lessees.

Issues were submitted to and answered by the jury as follows:

"1. Have the plaintiffs complied with the lease-option contract referred to in the Complaint?

"Answer: No.

"2. Did the defendants in July, 1955, orally agree that the plaintiffs might continue in the carrying out of the lease-option contract and be reinvested with the original rights thereunder upon certain conditions, as alleged by the plaintiffs?

"Answer: No.

"3. If so, did the plaintiffs offer to comply with the terms of such oral agreement?

"Answer: ............"

The court rendered judgment declaring the lessors owners and entitled to the possession of the lands described in the lease. Plaintiffs appealed.

*Richard M. Welling for plaintiff appellants.*
*John Hugh Williams for defendant appellees.*

RODMAN, J. Plaintiffs' first assignment of error is to the exclusion of evidence as to the value of the demised premises. We are unable to perceive any relevancy which the proffered testimony could have to the issues. Plaintiffs assert that it was relevant and material in showing the nature and extent of the breach. We do not agree, but if it should be conceded, the answer is that plaintiffs, after considerable maneuvering, selected the field of battle. That field was waiver and not denial of the breach. Hence evidence offered to show there was no breach is irrelevant.

Plaintiff Murry Mesimore testified that a controversy developed between him and Abernethy late in 1954 or early in 1955. Abernethy had said he was going to quit farming. Plaintiff employed counsel to represent him in the controversy with Abernethy. The attorney so employed conferred in July 1955 with defendant Palmer. The asserted agreement to waive past defaults is alleged to have occurred in that conversation.

Plaintiffs' second assignment of error is composed of exceptions to the exclusion of evidence relating to the controversy between plaintiff and Abernethy and efforts to settle that controversy. The evidence objected to and excluded was either later admitted or was not material to the issue of waiver. Litigation was pending in Mecklenburg County between Mesimore and Abernethy. Basically the evidence offered and excluded consisted of letters between counsel in that suit in which offers and counteroffers of settlement were made. There is no reference to lessors, defendants in this action, until a letter of 10 September 1955 when counsel for plaintiff Mesimore wrote counsel for Abernethy agreeing to settle that litigation for $4,500 but conditioning his offer as follows:

"(1) That the case will be continued for a period of ninety days so that Mr. Mesimore can make a settlement of $4500.00.

"(2) The payment of $4500.00 is conditioned expressly upon satisfactory arrangements with Palmer and his two associates, Patterson and Cook, for the contract between them, on one side, and Abernathy and Mesimore on the other side to be placed back in full force and effect, for if they, Palmer, Patterson and Cook, refuse to revive the contract, and since there has been a violation of the same, that is, a default by Abernathy and Mesimore in the payment of the installments, neither Mesimore nor Abernathy, in legal contemplation, would probably have any further interest in the realty, or at least it would be very difficult for Abernathy and/or Mesimore to require conveyance of the land even though all the conditions and terms of the contract were complied with at this time. In other words, Mesimore is not going to pay $4500.00, and *by* a lawsuit, the outcome of which is very doubtful would be in his favor."

In a succeeding paragraph of that letter counsel for Mesimore reiterates his statement that his agreement to pay the $4500 is conditioned upon his being able to effectuate a satisfactory settlement with defendant lessors.

We find nothing in the evidence excluded which might lead the jury to conclude that defendants had waived the payment of the rent and other obligations of lessees. If error be conceded, it is assuredly harmless. Harmless error is not sufficient. *Johnson v. Heath*, 240 N.C. 255, 81 S.E. 2d 657.

Plaintiffs' third assignment of error relates to the refusal of the court to submit an issue as to the sufficiency of the notice of 22 August 1955 to meet the terms of the lease in declaring a default. The original complaint alleged that lessees were notified in August that lessors had terminated the lease because of asserted defaults when in truth and in fact lessees had not defaulted. The answer alleged that due notice of termination was given 22 August 1955 and alleged in detail the manner in which lessees had failed to comply. Plaintiffs replied, admitting that lessees had not complied with their obligations under the contract. They then asserted as a basis for recovery that lessors had, in July 1955, waived any rights they might have to declare a default under the contract for "arrearities" and partial non performance by lessees. The reply thus in effect became the complaint. The issues arose on allegations of waiver of right to declare a forfeiture and denial of any agreement to waive. There is no allegation that lessors waived any breach occurring after July 1955. On the contrary, the allegation is expressly limited to July 1955 and prior thereto. The pleadings determine the issues, and the trial must be limited to the matters put in dispute by the pleadings. *Bowen v. Darden*, 233 N.C. 443, 64 S.E. 2d 285; *Andrews*

*v. Bruton,* 242 N.C. 93, 86 S.E. 2d 786. The issues which the court submitted to the jury were proper for a determination of the factual dispute.

The case was tried upon the theory which plaintiffs selected. No exception was taken to the charge of the court. The jury has found the facts adverse to plaintiffs' contention. The motions to set aside the verdict and for a new trial are formal. There is

No error.

JOHNSON, J., not sitting.