WADE C. GRAHAM v. WINSTON COCA-COLA BOTTLING COMPANY.

(Filed 23 May 1962.)

**1. Food § 1;   Evidence § 16—**

In an action to recover for injuries received from the explosion of a bottled carbonated beverage resulting when the carton containing the drinks fell eight inches to the concrete floor, evidence of explosions of other bottles prepared by the same manufacturer is incompetent when the evidence does not show that such other bottles exploded after such bottles had fallen or received any impact, since in such instances the evidence fails to show the explosion of other bottles was under substantially similar circumstances.

**2. Food § 1;   Trial § 38—   Charge held to have given special instructions requested insofar as necessary to the facts of the case.**

In an action to recover for injuries resulting from the explosion of a bottled carbonated beverage, the charge of the court giving in substance plaintiff's requested instructions in regard to the duty of defendant to exercise due care not to charge its bottles with gas at a pressure so as to render them dangerous to handle in the usual and customary manner, and the duty to inspect and remove from public exposure defective bottles which would increase the probability of explosion from internal pressure, is held under the facts of this particular case not prejudicial in failing to give further instructions requested that defendant's use of modern machinery and appliances such as are in general and approved use would not *ipso facto* exculpate defendant from liability.

**3. Food § 1;   Trial § 33—**

In this action to recover for injuries resulting from the explosion of a bottled carbonated drink, plaintiff's evidence was to the effect that the bottle exploded as a result of a mild impact over an internally damaged spot on the inside of the bottle. The court's instruction on the duty

of defendant not to charge the bottles with internal pressure so great as to make them dangerous in ordinary handling and defendant's duty to inspect the bottles and not to put into commerce a bottle internally defective so as to increase the probability of explosion from the internal pressure, *is held* not subject to the objection that it limited the jury's consideration to explosion from internal pressure alone.

**4. Negligence § 28—**

In this action to recover for injury resulting from the asserted negligence of defendant, contributed to by the acts of a stranger to the action, the court's charge *is held* to have correctly instructed the jury that defendant would be liable if defendant were guilty of negligence constituting a proximate cause of the injury, or one of them.

**5. Appeal and Error § 40—**

The burden is upon plaintiff to show error which is prejudicial or harmful.

APPEAL by plaintiff from *Johnston, J.,* 20 November 1961 Term of FORSYTH.

Action *ex delicto* to recover damages allegedly caused by the explosion of a bottle of Coca-Cola due to defendant's negligence.

This is a summary of the material allegations of fact of the complaint:

Defendant is engaged in the business of bottling and distributing Coca-Cola in the Winston-Salem area for retail sale. The drink Coca-Cola is a combination of syrup of Coca-Cola and carbonated water, which was, and is, injected into glass bottles by a complex machine under defendant's control. When the bottle was filled, this machine closed it by a metal cap, heavily crimped, to keep its contents airtight. This machine, at times, discharges excessive gas into a bottle, which exerts excessive internal pressure on such a bottle. Weather and temperature conditions increase the inner pressure. The bottles used by defendant, and particularly the bottle which exploded and injured plaintiff, had been used many times by defendant, had been subjected to pressure by the filling machine, had been thrown back and forth on trucks for delivery to retail trade, and frequently through jostling became chipped or deteriorated, thus making the bottle weaker and more likely to explode.

After the bottles are filled, defendant puts them in wooden crates holding 24 bottles of Coca-Cola each. These crates are carried by push trucks to motor trucks and thrown thereon. These trucks travel over rough roads, and the bottles are frequently exposed to sunlight and heat. When the crates of Coca-Cola are delivered to the retail trade, an agent of defendant takes a crate in each hand, and frequently drops

them, which was done in the delivery of the bottle of Coca-Cola that injured plaintiff.

On 14 January 1959, and prior thereto, plaintiff operated a small retail grocery store in the city of Winston-Salem, and, among other articles, offered for sale bottled Coca-Cola furnished him by defendant. Prior to 14 January 1959, the date of plaintiff's injuries, defendant placed in his store display cases owned by it, whereon six-bottle cartons of Coca-Cola were put, and defendant placed thereon the carton containing the bottle of Coca-Cola which exploded and injured him. The cartons are so arranged on the display case that there are three Coca-Cola bottles on each side of the carton. The bottles stand upright with their caps above the carton and beneath the carton's handle. The bottles, because of the rough edge of the caps, are easily caught in the clothing of a passer-by. The display case was situate in the immediate proximity of the meat display counter.

About 10:30 p.m. o'clock on 14 January 1959 a woman customer in plaintiff's store, after having made her selection at the meat display counter, turned to leave, and the hem of her coat caught some portion of one of the six-bottle cartons of Coca-Cola on its display case, which pulled off the carton causing it to fall eight inches to the floor. When plaintiff a few seconds later reached to pick up the carton of Coca-Cola, one bottle exploded, blowing off the neck of the bottle and leaving a long, jagged glass, which embedded itself deeply in his flesh, and severed his tendons, nerves, and muscles in his right leg.

About the time plaintiff was injured, Rosavelle Witter and Spencer Davis, merchants operating stores near plaintiff's store, were victims of exploding Coca-Cola bottles sold and delivered by defendant. Prior to plaintiff's injury, and since, innumerable bottles of Coca-Cola sold by defendant have exploded. These explosions and injuries and the cause thereof were well known to defendant, but it still continues to make, deliver and sell its product.

Plaintiff's injuries were proximately caused by defendant's negligence in the following respects: It failed to inject into the bottle of Coca-Cola a proper mixture of carbonated gases and water. It failed to inspect or to use bottles of sufficient strength to withstand necessary pressure. It failed to use precaution in handling and displaying its Coca-Cola, subjecting the bottle of Coca-Cola to nearby heat. The bottles, because of their wear, jostling and handling, had become weakened. The bottle did not fall a sufficient distance or receive a sufficient jar to break, if it had been in proper condition, but due to its weakened condition, excessive gas, and atmospheric changes, which defendant knew, the bottle exploded.

Plaintiff, by permission of court, filed an amendment to his com-

plaint, which we summarize: The bottle that exploded and injured plaintiff was a defective bottle, and that defendant by reason of its negligence in failing properly and adequately to inspect this bottle, and discover its defective condition and remove it from delivery, permitted it to be placed in plaintiff's store, where it exploded proximately causing plaintiff's injuries.

Defendant in its answer admits that it bottles and distributes Coca-Cola in the Winston-Salem area, that on the day plaintiff was injured, and prior and subsequent thereto, it delivered bottled Coca-Cola to plaintiff's store, that it left a display case in plaintiff's store, that the crates of bottled Coca-Cola were and are delivered by trucks, but denies the other allegations of the complaint. Its answer alleges a further answer and defense, which we summarize: If plaintiff was injured as he alleges, and if the bottle was dropped to the floor by plaintiff or some third party, then the negligence of plaintiff or such third person caused plaintiff's injuries. When the bottle dropped to the floor, plaintiff did not exercise due care for his own safety, and defendant pleads plaintiff's contributory negligence as a defense. If plaintiff's injury did not result from his negligence, then the sole proximate cause of his injuries was the negligence of a third party. If plaintiff and a third party were not negligent, then plaintiff's injuries resulted from an unavoidable accident.

Plaintiff offered evidence to the following effect: The six-bottle cartons of Coca-Cola were displayed in his store for sale on a display case furnished by defendant, and situated therein, substantially as alleged in his complaint. About 9:45 p.m. o'clock on 14 January 1959 Pauline Webb, a customer in his store, wearing a long coat, was leaving the meat counter, when her coattail caught a six-bottle carton of Coca-Cola on the bottom of the display case, and pulled it onto the cement floor—a fall of about eight inches. Pauline Webb started to pick it up, plaintiff told her he saw it fall, and he would pick it up. Plaintiff walked over to pick it up, and when he started to pick it up and was about three feet away, one bottle exploded and glass from the top of the bottle entered his leg and caused the injuries he complains of. The bottle that exploded and injured him was delivered by defendant, and put on the display case the day before it exploded.

Roosevelt Whitten operates a grocery store in Winston-Salem, and buys bottled Coca-Cola from defendant. During the first part of 1959, about an hour after defendant had delivered Coca-Cola at his store, one bottle in a six-bottle carton exploded. This bottle had no fall, it exploded sitting in the rack.

Spencer Davis testified in substance: In 1957, 1958, 1959 and 1960 he sold in his business in Winston-Salem bottled Coca-Cola he bought

from defendant. In January or February 1959 he was putting Coca-Cola bottles in his ice box, and one exploded.

Dr. Andrew Dingwall, a consulting scientist, who was found by the court to be an expert in the field of fracture analyses of beverage bottles and glass containers, testified in substance: On 23 May 1961 he examined the broken bottle whose explosion injured plaintiff. The origin of the break is underneath the cap. Once the location of the origin of the break has been found, the next problem is to determine the nature of the fracture pattern. The fracture pattern is indicative of the force that caused the bottle to break. He then testified in detail, illustrating his testimony by diagrams, as to fracture patterns, and as to the fracture pattern of the broken Coca-Cola bottle in the present case. He expressed his opinion that the explosion of the Coca-Cola bottle in the instant case was not due to internal pressure, but that it was caused by a mild impact over an internally damaged spot on the inside of the bottle. If the impact is delivered immediately over or very close to a point of internal damage, such as internal scratching or abrasion, the ability of the bottle of Coca-Cola to withstand impact may be reduced very greatly, as much as 90%. The broken bottle here was manufactured in 1958, and had been used more than once by reason of the fact its bottom had a scuffed appearance. It is the practice of the Coca-Cola Bottling Industry to use bottles more than once.

Dr. Dingwall testified on cross-examination: "This bottle, if it hadn't struck the floor or had some kind of an impact, would not have broken from internal pressure. It wouldn't have broken at all unless it had an impact."

Other evidence offered by plaintiff, some of which was excluded by the court on objection by defendant and which form the bases of some of plaintiff's assignments of error, will be set forth in the opinion.

Defendant offered as a witness Professor H. E. Fulcher, who is a professor emeritus of physics at Davidson College, and was found by the court to be an expert in the field of physics and bottle fracture. He examined the broken bottle of Coca-Cola here, and it had no internal scratching visible even with ten magnifications. From his examination he found this bottle was broken by impact. He testified: "I formed the definite opinion from my experience and from my examination of this bottle that the cause of the breakage of the bottle was an impact; there is no internal scratching, so far as I can tell."

Defendant's evidence further tended to show: The bottles it uses meet the standard specifications of all Coca-Cola bottles. It uses modern bottling equipment, made by the same company which manufactures for other bottlers over the country. A majority of the bottles

it uses have been used before. When the used bottles are brought in they are inspected. Then they go into a soaker, and from there are put on a conveyor, and examined again before going into the washing machine. After that the bottles are inspected by two persons to see if there are any bottles not suitable to be filled. From there they go to the filler, where they are subjected to a pressure of about 125 pounds from the top of the bottle, and are filled with the Coca-Cola syrup and carbonated water, and then they go to the crowner, where they are subjected to pressure to crimp the crown on the bottle. The internal pressure is about 40 to 50 pounds at the time of filling. After the bottles leave the crowner, they go into electric eyes, where, if there is anything as much as a grain of sand or a crack in the bottle, that would deflect the rays of the electric eyes, and the bottle would be thrown out. Defendant knows of no method of inspecting bottles known to the trade, which is not used by it. It is constantly looking for cracked and scuffed bottles, because it doesn't want unsightly bottles on the trade. It throws away 25 to 50 cases a day of bottles, because they are badly scratched or unsightly.

Two issues were submitted to the jury: Negligence and damages. The jury answered the first issue (negligence), No.

From a judgment that plaintiff recover nothing from defendant, and taxing him with the costs, he appeals.

*Elledge and Mast by David P. Mast, Jr., and Clyde C. Randolph, Jr., for plaintiff appellant.*

*Hudson, Ferrell, Petree, Stockton, Stockton & Robinson by Ralph M. Stockton, Jr., and W. F. Maready for defendant appellee.*

PARKER, J.  Sam Martin, a witness for plaintiff, operates a grocery store in Winston-Salem, and bought bottled Coca-Cola from defendant in January 1959 for retail sale. He had no trouble in January. Plaintiff assigns as error that the court, on motion of defendant, excluded from the jury his testimony to the following effect: He has had bottles of Coca-Cola purchased from defendant to explode every summer until this last summer; he had them to explode in July and August 1958.

Plaintiff further assigns as error the exclusion by the court from the jury, on motion of defendant, of the testimony of Jacqueline Canady to the following effect: In February 1960 she reached with her left hand in the refrigerator in her home in Winston-Salem and removed a bottled Coca-Cola from the regular racks on the inside of its door. She turned and placed it on the cabinet, and it exploded. One side of the bottle seemed to have disintegrated. The cap was still at-

tached. The index finger on her left hand was badly cut by the explosion, and finally was amputated. The exploded bottle was purchased by her either from the A. & P. Store on Stratford Road or Mount Tabor.

Plaintiff also assigns as error the exclusion by the court, on motion of defendant, of the testimony of Jack F. Canady, husband of Jacqueline Canady, to the following effect: When he arrived home after his wife was injured by the explosion of a bottle of Coca-Cola, he examined the broken bottle. He saw on the bottle the words "Winston-Salem," or some abbreviation of "Winston-Salem." He made a report and claim for his wife's injury to the Claims Adjusting Division of Coca-Cola Bottling Company in Atlanta, Georgia, and a settlement was made for his wife's injury. He also made a report of her injury to defendant.

In cases where damages are sought for injuries caused by the explosion of a bottle of beverage, the law is well settled in this jurisdiction that it is competent for plaintiff to show that other bottles filled by the same bottler under substantially similar conditions and sold by it at about the same time have exploded under "substantially similar circumstances and reasonable proximity in time," as authorizing a permissible inference that the bottler has not exercised that degree of care required of him under the circumstances. *Dail v. Taylor,* 151 N.C. 284, 66 S.E. 135; *Cashwell v. Bottling Works,* 174 N.C. 324, 93 S.E. 901; *Enloe v. Bottling Co.,* 208 N.C. 305, 180 S.E. 582; *Ashkenazi v. Bottling Co.,* 217 N.C. 552, 8 S.E. 2d 818; *Davis v. Bottling Co.,* 228 N.C. 32, 44 S.E. 2d 337; *Styers v. Bottling Co.,* 239 N.C. 504, 80 S.E. 2d 253.

Plaintiff's allegations and proof are that the bottle of Coca-Cola here was in a carton with five other bottles of Coca-Cola, which was pulled off the display case by the long coat of Pauline Webb, and fell about eight inches to a cement floor, where it exploded. All of plaintiff's evidence tends to show that the bottle here exploded not by reason of internal pressure alone, but it exploded by reason of internal pressure, when the bottle fell eight inches to the cement floor and received "a mild impact" "over an internally damaged spot on the inside of the bottle." The excluded testimony of Sam Martin as to the explosions of bottles of Coca-Cola in his store in the summertime does not show the circumstances under which the bottles exploded. There is no evidence that the bottles in his store fell to the floor, or received any blow. In our opinion, and we so hold, the bottles of Coca-Cola purchased by Sam Martin did not explode under "substantially similar circumstances" as did the bottle in the present case,

so as to make evidence of their explosions competent with the rule above stated.

Even if we assume, though we do not concede it (*Elledge v. Bottling Co.*, 252 N.C. 337, 113 S.E. 2d 435), that the evidence of the Canadys authorizes a permissible inference that the bottle of Coca-Cola that exploded and cut Jacqueline Canady's finger was bottled and distributed by defendant, it did not explode under "substantially similar circumstances" as did the bottle here, so as to make the evidence of its explosion competent. The court properly excluded the testimony of Jack F. Canady that he made a report of his wife's injury to defendant, and that he made a report and claim for his wife's injury to the Claims Adjusting Division of Coca-Cola Bottling Company in Atlanta, Georgia, and a settlement was made for his wife's injury. Wigmore on Evidence, Third Ed., Vol. 4, p. 32; 31 C.J.S., Evidence, sec. 292. See also Jones on Evidence, Civil and Criminal, Fifth Ed., Vol. 2, sec. 392.

The four assignments of error as to the exclusion of the testimony of Sam Martin, Jacqueline Canady, and Jack F. Canady are overruled.

The remainder of plaintiff's assignments of error relate to the charge, except the 14th, which is formal.

Plaintiff's assignments of error, numbers 5 through 9, are to the failure of the court to give in form or in substance five prayers for special instructions. The first three prayers for special instructions are:

REQUEST #1: "The installation by the defendant of modern machinery and appliances, such as is in general and approved use, does not IPSO FACTO exculpate the defendant from liability. The standard of vigilance required of the defendant is due care, i.e., commensurate care under the circumstances. The defendant owed to plaintiff the duty not to put into his hands a bottle charged with gas that was dangerous to handle in the usual and customary method."

REQUEST #2: "It is not incumbent upon plaintiff to show what precautions the defendant should take. That duty devolved upon the defendant who would be liable for negligence in putting dangerous goods upon the market without sufficient precautions to make them safe. What is the best protection is a matter which the defendant must ascertain and use."

REQUEST #3: "If such defects as internal abrasions occur in used beverage bottles and substantially reduce the ability of the bottles to withstand impact and to withstand normal handling, it becomes the duty of the bottler to make appropriate tests before

the bottles are refilled, and if such tests are not commercially practicable, the bottles should not be reused."

The trial court, *inter alia*, charged as follows:

"The defendant in bottling and marketing bottles of Coca-Cola had the duty to use due care to not excessively charge the bottles of Coca-Cola with carbonic acid gas so that in normal handling and reasonable rises in temperature the bottles would not explode from internal pressure, and to use due care to examine, inspect and test the bottles to discover and remove from public exposure any defective bottles liable to cause or increase the probability of an explosion from internal pressure. The court instructs you, members of the jury, that if the defendant bottled and sold to the plaintiff bottles of Coca-Cola and failed to use due care to not excessively charge the bottles of Coca-Cola with carbonic acid gas so that in normal handling and reasonable rises in temperature the bottles would not explode from internal pressure, or failed to use due care to examine, inspect and test the bottles and to discover and remove from public exposure defective bottles liable to cause or increase the probability of an explosion from internal pressure, then such would constitute negligence on the part of the defendant; and if such was the proximate cause or a proximate cause of injuries to the plaintiff, then such would constitute actionable negligence. . . .

"The Court instructs you that if the plaintiff has satisfied you by the greater weight of the evidence, the burden being upon the plaintiff to so satisfy you, that the defendant bottled and sold and delivered to the plaintiff a bottle of Coca-Cola contained within Plaintiff's Exhibits 2 and 3, and that the bottle was defective in that it had scratching and abrasions on the interior surface of the bottle, and the defendant failed to use due care to not excessively charge the bottle of Coca-Cola with carbonic acid gas, so that in the normal handling and reasonable rises in temperature the bottle would not explode from internal pressure; or failed to use due care to examine, inspect and test the bottle to discover that the bottle was defective because of such interior scratching and abrasions and liable to cause or increase the probability of explosion from internal pressure, and that such was the proximate cause or a proximate cause of the plaintiff's injuries, then it will be your duty to answer the first issue YES."

The first three prayers for special instructions were given in substance by the court in its charge, as set forth above, except that the

court did not charge that "the installation by the defendant of modern machinery and appliances, such as is in general and approved use, does not *ipso facto* exculpate the defendant from liability." While that is a correct statement of the law, *Styers v. Bottling Co., supra,* we do not consider the failure of the court to charge this under the facts here sufficiently prejudicial to warrant a new trial.

Defendant assigns as errors in respect to the parts of the charge above quoted, that the court "limited the jury's consideration to explosions 'from internal pressure' rather than instructing them with regard to explosions caused by mild impact in the course of normal handling, as indicated by plaintiff's evidence," and further "that his Honor failed to instruct the jury that defendant had the duty to provide plaintiff with a beverage bottle of sufficient strength to withstand mild impact in the course of normal handling." These are assignments of error numbers 10 and 11.

Plaintiff's evidence is clear and uncontradicted to the effect that the bottle here, if it had not struck the floor or had some kind of an impact, would not have broken from internal pressure; it would not have broken at all, unless it had had an impact; the mild impact was delivered over an internally damaged spot on the inside of the bottle. The pulling of a carton of six bottled Coca-Colas from a display case, so that it falls eight inches to a cement floor is not normal handling. The court, when it applied the law to the facts on the first issue, charged in part: "The Court instructs you that if the plaintiff has satisfied you by the greater weight of the evidence, . . . that the defendant bottled and sold and delivered to the plaintiff a bottle of Coca-Cola . . . , and that the bottle was defective in that it had scratching and abrasions on the interior surface of the bottle, and the defendant . . . failed to use due care to examine, inspect and test the bottle to discover that the bottle was defective because of such interior scratching and abrasions and liable to cause or increase the probability of explosion from internal pressure, and that such was the proximate cause or a proximate cause of the plaintiff's injuries, then it will be your duty to answer the first issue Yes." The court did not limit the charge to "internal explosions," as contended by plaintiff. The assignments of error numbers 10 and 11 are not sustained.

Plaintiff's assignment of error number 13 is that the court failed to charge that in the event the jury should find that both defendant and Pauline Webb were negligent, and that the negligence of each was a contributing proximate cause of plaintiff's injuries, they should answer the first issue (negligence), Yes.

The trial court gave the jury a full and correct definition of the

rules of negligence and proximate cause, to which plaintiff does not except, and then charged as follows:

> "Now, members of the jury, under the law of this State there may be one proximate cause of an injury; there may be two proximate causes; for that matter there may be more than two proximate causes. These may originate from the same source, or they may originate from entirely separate and distinct sources; and yet, if they unite, concur and combine to proximately cause injury to some person, then the author of each would be liable to the person injured, and such person at his election could sue either or all for such injury."

Later the trial court charged as follows:

> "You are further instructed that if a customer in the store of the plaintiff caused bottles of Coca-Cola to fall to the floor, creating an impact on the bottles, and that such was the sole proximate cause of the plaintiff's injury, then the defendant would not be liable; if the sole cause of the plaintiff's injury was the breaking of a bottle of Coca-Cola by external force, that is by an external impact, then the defendant would not be liable."

Later on the trial court in applying the law to the evidence on the first issue (negligence) charged in substance as above set forth that if the defendant was guilty of negligence, as detailed in the charge, and that such negligence "was the proximate cause or a proximate cause of the plaintiff's injuries, then it will be your duty to answer the first issue Yes."

While the charge might have been more precisely formulated, yet studying the charge in its entirety we are of opinion, and so hold, that the jury must have understood from the charge, that if Pauline Webb was negligent and defendant was negligent and their negligence concured in contributing proximately to plaintiff's injuries, then the defendant would be liable.

Plaintiff's assignments of error numbers 8 and 9—refusal to give plaintiff's 4th and 5th prayers for special instructions, and assignment of error number 12—failure to charge, have been examined, and are overruled. They merit no discussion.

Plaintiff has not carried the burden of showing error sufficiently prejudicial to warrant a new trial. *Johnson v. Heath,* 240 N.C. 255, 81 S.E. 2d 657.

No error.