PINE BURR GOLF, INC. v. GEORGE W. POOLE AND WIFE, BELLE POOLE

No. 7011DC13

(Filed 6 May 1970)

**1. Trespass § 5— wrongful cutting of timber — denial of ownership — pleadings**

In an action to recover double damages under G.S. 1-539.1 for the wrongful cutting of timber, wherein plaintiff alleged ownership of the tract on which the timber stood and particularly described it by metes and bounds, a mere allegation in defendants' answer denying that plaintiff owned any land "claimed by these defendants" *is held* insufficient to place in issue the ownership of the tract described by plaintiff; consequently, it was error to submit the issue of ownership to the jury.

**2. Trial § 40; Pleadings § 37— determination of issues**

The pleadings determine the issues, and the trial must be limited to the matters put in dispute by the pleadings.

APPEAL by plaintiff from *Morgan, District Judge,* 5 May 1969 Session of HARNETT District Court.

This is a civil action in which plaintiff seeks double damages under G.S. 1-539.1 by reason of the cutting of timber on plaintiff's land. Plaintiff alleged ownership of a tract of land particularly described by metes and bounds in the complaint and that defendants

·went upon plaintiff's land and cut timber without plaintiff's consent and permission. The plaintiff introduced evidence in support of its allegations. Defendants introduced no evidence. At the close of the evidence the court submitted issues to the jury which were answered as follows:

> "1. Did the plaintiff own the tract of land described in the Complaint?
>
> "ANSWER: No.
>
> "2. If so, did the defendant cut wood or timber off of the plaintiff's land?
>
> "ANSWER: ..............
>
> "3. If so, what amount of damages, if any, is ·the plaintiff entitled to recover of the defendant?
>
> "ANSWER: ..............."

From judgment that plaintiff recover nothing of defendant, plaintiff appealed.

*Edgar R. Bain for plaintiff appellant.*

*Stewart & Hayes by Gerald W. Hayes, Jr., for defendant appellees.*

PARKER, J.

[1] Plaintiff excepted to the submission of the first issue to the jury. In paragraph three of its complaint, plaintiff alleged that it is the owner of "a certain tract of land in Lillington Township, Harnett County, North Carolina, and more particularly described· as follows: . . ." There then follows a metes and bounds description by calls and distances from a designated beginning corner. Defendants answered paragraph three of the complaint as follows:

> "3. That as to the allegations contained in Paragraph Three it is specifically denied that the plaintiff is the owner of any land which has or now includes any property claimed by these defendants. The specific allegations relating to marks and Maps of the said paragraph are denied."

Nowhere in the answer do defendants deny that plaintiff owns the land described in the complaint. They only deny that plaintiff owns any land "claimed by these defendants." Defendants' pleadings do not disclose any "claim" to any land. On the pleadings there is no controversy as to plaintiff's ownership of the land described in the

complaint. The vague and evasive denial of "allegations relating to marks and Maps" is insufficient to place in issue the ownership of the land which plaintiff had particularly described by metes and bounds.

[2]    The pleadings determine the issues, and the trial must be limited to the matters put in dispute by the pleadings. *Carver v. Lykes,* 262 N.C. 345, 137 S.E. 2d 139; *Mesimore v. Palmer,* 245 N.C. 488, 96 S.E. 2d 356; *Bowen v. Darden,* 233 N.C. 443, 64 S.E. 2d 285; *Fairmont School v. Bevis,* 210 N.C. 50, 185 S.E. 463. Here, no issue was raised as to ownership of the land and it was error to submit the first issue to the jury. If submitted, it should have been answered Yes by the court. Plaintiff is entitled to a

New trial.

CAMPBELL and HEDRICK, JJ., concur.